{¶ 1} Defendant-Appellant, Earl Goubeaux, appeals a judgment of the Auglaize County Common Pleas Court sentencing him to a term of imprisonment. Goubeaux asserts that the court's imposition of consecutive sentences was unsupported by the record and contrary to law. Finding that the record supports the trial court's findings, we affirm the judgment of the trial court.
 {¶ 2} Pursuant to an undercover operation, Goubeaux, and co-defendant, Cindy Hiegel, sold marijuana and Valium to two informants on two separate occasions. The first transaction took place on April 11, 2002, and involved the sale of one quarter pound of marijuana and sixty-eight Valium tablets. During this incident, Goubeaux told the informants that he would be leaving for Kentucky, where he could purchase one pound of marijuana. The second transaction took place eight days later, on April 19, 2002. During this incident, Goubeaux sold the informants one ounce of marijuana and ten Valium tablets. During this transaction, a seven year old was present. Additionally, Goubeaux told the informants that he had returned from Kentucky with three pounds of marijuana and that his partner was cutting it into smaller bags.
 {¶ 3} On January 13, 2003, the Auglaize County grand jury returned a five count indictment against Goubeaux, including two counts of trafficking in drugs (marijuana) in violation of R.C.2925.03(A)(1)(C)(3)(a), a felony of the fifth degree, one count of trafficking in a controlled substance in schedule III, IV, or V (diazepam) in violation of R.C. 2925.03(A)(1)(C)(2)(a), a felony of the fifth degree, one count of trafficking in drugs (marijuana) in the vicinity of a juvenile in violation of R.C. 2925.03(A)(1)(C)(3)(b), a felony of the fourth degree, and one count of trafficking in a controlled substance in schedule III, IV, or V (diazepam) in the vicinity of a juvenile in violation of R.C. 2925.03(A)(1)(C)(2)(b), a felony of the fourth degree.
 {¶ 4} In March of 2003, pursuant to a plea agreement, Goubeaux entered a plea of guilty to one count of trafficking in drugs (marijuana) and one count trafficking in a controlled substance in the vicinity of a juvenile. All other counts were dismissed. Subsequently, a hearing was held for sentencing. On the first count, trafficking in drugs (marijuana), the court sentenced Goubeaux to eleven months of incarceration with the Ohio Department of Rehabilitation and Corrections ("ODRC"). On the second count, trafficking in a controlled substance in the vicinity of a juvenile, Goubeaux was sentenced to seventeen months of incarceration with the ODRC. The court ordered Goubeaux's sentences to run consecutively, for a total sentence of twenty-eight months. It is from this sentence that Goubeaux appeals, where he asserts the following sole assignment of error:
The Trial Court's Ordering That The Sentences Of Defendant-appellantAre To Be Served Consecutively To Each Other Was Unsupported By TheRecord And Was Contrary To Law
 {¶ 5} Goubeaux asserts that the trial court erred in ordering that his sentences be served consecutively, because the record does not support such an order.
 {¶ 6} Initially, this Court notes that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C. 2929.19(G)'s `clear and convincing' standard, and that the appellate record is not complete until such findings have been made."[1] Thus, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record, the procedure of the sentencing statutes was not followed, there was not a sufficient basis for the imposition of a prison term, or that the sentence is contrary to law.
 {¶ 7} R.C. 2929.14(E)(4) sets out the findings that are required for the imposition of consecutive sentences. The first required finding is "that the consecutive service is necessary to protect the public from future crime or to punish the offender." A second finding that is also required is that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public."[2] Finally, the trial court must make one of the following findings:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[3]
 {¶ 8} In addition to making the requisite findings under R.C.2929.14(E)(4), the trial court must also comply with R.C. 2929.19(B)(2)(c) when imposing consecutive sentences. R.C. 2929.19(B)(2)(c) states:
(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(c) It imposes consecutive sentences under 2929.14 of the Revised Code, it reasons for imposing the consecutive sentences.
Furthermore, The Ohio Supreme Court stated, in State v. Comer,[4]
that when imposing consecutive sentences, a trial court is required to "orally make its findings and state its reasons on the record at the sentencing hearing."
 {¶ 9} In the instant case, at sentencing the court orally stated that consecutive sentences were necessary to protect the public from future crime and that the harm caused by these offenses was so great that no single prison term adequately reflected the seriousness of the crimes. Further, the court found that the consecutive sentences were not disproportionate to the seriousness of Goubeaux's conduct and the danger he posed to the public. The court also found that Goubeaux used co-defendant, Cindy Hiegel, and her boyfriend to further his criminal activity and that the three were involved in a plan to traffic drugs for profit. Finally, the court found Gobeaux's criminal history demonstrates that consecutive sentences were necessary to protect the public from future harm by Goubeaux.
 {¶ 10} Having found the trial court satisfied the statutory criteria in R.C. 2929.14(E)(4), 2929.19(B)(2)(c), and Comer prior to imposing sentences in this matter, we will now consider Goubeaux's claims that the facts are insufficient to support the imposition of the consecutive sentences.
 {¶ 11} After reviewing the record, we cannot clearly and convincingly find that the trial court erred in either respect. There is sufficient evidence to support the trial court's decision to impose consecutive sentences. Besides the above stated facts, the trial court also had before it Goubeaux's own statement. In his statement, Goubeaux admits to buying and selling pills on at least two other occasions, to buying and selling marijuana on at least four occasions, and that co-defendant, Hiegel, was the an "in between person," who found people to buy his drugs. As we stated in State v. Martin,[5] the trial court is in the best position to weigh the facts and sentence an offender accordingly. Our role is to determine whether its findings are supported by facts in the record. Because we find that there are, we may not substitute our judgment for that of the trial court.
{¶ 12 Having found no error prejudicial to Appellant herein, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 361.
[2] R.C. 2929.14(E)(4).
[3] Id.
[4] 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 18.
[5] 136 Ohio App.3d at 361-362.