OPINION
{¶ 1} Kelly Scott-Hoover, appellant herein, appeals from the judgment of the Crawford County Court of Common Pleas, finding appellant guilty of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1).
 {¶ 2} On September 1, 2002 appellant was traveling on Biddle Road in Crawford County, Ohio. Appellant's car collided with the decedent, who was riding a bicycle. The officer who arrived at the scene of the accident reported that he smelled a moderate odor of alcohol on appellant's breath. The officer transported the appellant to the Galion Community Hospital to administer a blood test. The officer performed field sobriety tests at the hospital. The officer rated appellant "satisfactory" to "low satisfactory" on these field tests. The officer also requested that a blood-alcohol test be taken by the hospital. The blood-alcohol test result was .157 by weight, exceeding the legal limit in Ohio.
 {¶ 3} On September 10, 2002, a grand jury indicted appellant, charging her with aggravated vehicular homicide. Appellant executed a waiver of her right to jury trial and a bench trial was held March 3, 2003. Prior to trial, the parties entered stipulations of fact. Among these stipulations were that appellant's blood-alcohol level at the time of the accident was .157, that appellant was driving the vehicle that struck the decedent, that the collision caused the decedent's death and that the offense occurred in Crawford County, Ohio.
 {¶ 4} Following the presentation of evidence, the trial court found appellant guilty of aggravated vehicular homicide and sentenced her to seven years in prison.
 {¶ 5} It is from this decision that appellant appeals, setting forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I Kelly Scott-Hoover was deprived of her right to the effectiveassistance of trial counsel, in contravention of the Sixth andFourteenth Amendments to the United States Constitution, andSection 10, Article I of the Ohio Constitution.
 {¶ 6} It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense. State v. Kole (2001),92 Ohio St.3d 303, 306. To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 7} In order to show that an attorney's conduct was deficient or unreasonable, the appellant must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland v.Washington (1984), 466 U.S. 668, 687. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie
(1998), 81 Ohio St.3d 673, 675. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995),72 Ohio St.3d 545, 558. Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. State v. Bradley (1989),42 Ohio St.3d 136, 141, quoting State v. Lytle (1976), 48 Ohio St.2d 391,396.
 {¶ 8} Crim.R. 11 provides that one of the rights an accused is entitled to during a criminal prosecution is that of the state "to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." To establish the specific offense of aggravated vehicular homicide, in violation of R.C. 2903.06
(A)(1), the state is required to prove all elements of the charge beyond a reasonable doubt. R.C. 2903.06(A)(1) provides that, "[n]o person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * as the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code." R.C. 4511.19 states, "[n]o person shall operate any vehicle * * * if * * * the person is under the influence of alcohol." Essentially, the state must prove that the defendant caused the death of another as the proximate result of violating R.C. 4511.19.
 {¶ 9} In the case sub judice, trial counsel stipulated that appellant was driving the vehicle that collided with the decedent, that the collision caused the victim's death, that the offense occurred in Crawford County, Ohio and that the appellant's blood-alcohol content exceeded the legal limit.
 {¶ 10} The appellant argues that her counsel was ineffective in stipulating to all of the elements of the offense of aggravated vehicular homicide. According to appellant, trial counsel's actions effectively abolished the requirement for the state to prove its case, although the appellant never consented to relinquish that right by entering a guilty or no contest plea. Stipulating to the elements of the offense, she argues, had the effect of a guilty plea with none of the benefits frequently attendant to a negotiated plea of guilty, such as a reduced sentence. Appellant claims that counsel's stipulations were unreasonable under the circumstances and violated her right to require the state to prove its case beyond a reasonable doubt. For the following reasons we do not agree.
 {¶ 11} Trial counsel stipulated that appellant's blood-alcohol level was over the legal limit and that she was driving a motor vehicle. This is sufficient to find a violation of R.C. 4511.19. Appellant's trial counsel also stipulated that the collision caused the decedent's death. We note, however, that trial counsel did not, in fact, stipulate to all of the elements necessary for the state to obtain a conviction.
 {¶ 12} One of the key requirements in an aggravated vehicular homicide case is proof of causation. As previously stated, the state must prove that the defendant caused the death of anotheras the proximate result of violating R.C. 4511.19. (Emphasis added.) While trial counsel stipulated that the collision caused the death of decedent, there was no stipulation that the cause of the collision was appellant's driving under the influence of alcohol. Consequently, the stipulation did not equate to effectively entering a guilty plea, because an essential element of the crime remained for the state to prove.
 {¶ 13} Appellant claims that counsel's trial theory — that speeding and not intoxication proximately caused the accident — was unreasonable and could not have possibly succeeded in light of the stipulations that were entered. Appellant was charged with a violation of R.C. 2903.06 (A)(1), aggravated vehicular homicide by reason of driving under the influence of alcohol, a second degree felony. Different subsections of the statute, however, provide for aggravated vehicular homicide by reason of reckless operation or vehicular homicide by negligent operation of a motor vehicle, R.C. 2903.06 (A)(2) and (3), respectively. Defense counsel's strategy, to argue that appellant's speed was the cause of the accident, questioned the element of causation. Had the defense set forth been successful, appellant could have been acquitted of the charge under R.C. 2903.06 (A)(1).[1]
 {¶ 14} After reviewing the record, we can appreciate that trial counsel was faced with a difficult task in preparing a defense. We cannot presume arguing that appellant's reckless operation and not her intoxication was the cause of the accident was an unreasonable trial strategy under the particular circumstances of this case, considering the evidence against appellant.
 {¶ 15} Were we to accept appellant's argument that this trial tactic was unreasonable, appellant still bears the burden of establishing that the result of the proceeding would have been different but for counsel's actions. Strickland,466 U.S. at 668. The predictable lack of success of an ill-conceived trial strategy does not alone constitute reversible error, without a demonstration of prejudice. See State v. Frazier (1991),61 Ohio St.3d 247.
 {¶ 16} In some cases, prejudice is presumed. Actual or constructive denial of the assistance of counsel is presumed to result in prejudice, as well as representation by counsel who has a conflict of interest and state interference with counsel's assistance. Id. at 692. In all other cases the appellant bears the burden of demonstrating that the result of the proceeding would have been different but for counsel's unprofessional errors. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558.
 {¶ 17} Appellant asserts in the present case that had trial counsel not stipulated to all of the elements of the offense, she may have been acquitted. Appellant also infers that there were possible bases for suppressing the results of the blood-alcohol test. Alternatively, appellant argues that if she had entered a guilty plea, she would have likely received a lesser sentence than the sentence with which she was charged.
 {¶ 18} While we may engage in speculation that had the blood-alcohol test been suppressed or had trial counsel set forth a different argument on appellant's behalf that the result of the proceeding might have been different, we are only able to speculate. The evidence against appellant was substantial. There were several eyewitnesses to the accident. Police officers testified that they were suspicious that appellant had been drinking, a fact which was verified by the blood-alcohol test. Testimony indicated that appellant was traveling at a speed that was nearly double that of the posted limit. Even if the blood-alcohol test had been suppressed, there is nothing in the record to indicate that appellant would not still have been convicted. Moreover, the record does not demonstrate, nor does appellant contend, that she was willing to plead guilty or that a plea bargain was offered and/or rejected.
 {¶ 19} We find that appellant has failed to demonstrate that the proceeding was unreliable or fundamentally unfair due to defense counsel's arguments or trial strategies. Even if we assume for purposes of argument that counsel's tactics were unreasonable under the circumstances, appellant has still failed to make a showing that prejudice resulted from counsel's actions.
 {¶ 20} Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it imposed a near-maximum sentenceof imprisonment. The record does not support the sentenceimposed.
 {¶ 21} Following her conviction, appellant was sentenced to seven years in prison. Under this assignment of error, appellant claims that the sentence imposed on her is not "reasonably calculated to achieve the two overriding purposes of felony sentencing" as set forth by R.C. 2929.11(A) and (B). These overriding purposes are to protect the public from future crime and to punish the offender. R.C. 2929.11.
 {¶ 22} We note that in reviewing the sentencing decision of a trial court, we must review the factual findings of the trial court under a clear and convincing standard. State v. Martin
(1999), 136 Ohio App.3d 355, 361. Clear and convincing evident is that which will produce a firm belief as to the allegations sought to be established. State v. Eppinger (2001),91 Ohio St.3d 158, 164, 2001-Ohio-247. Thus, a sentence imposed by a trial court will not be disturbed absent a clear and convincing showing that the sentence is unsupported by the record, the procedure of the sentencing statutes was not followed, there was not a sufficient basis for the imposition of a prison term, or that the sentence is contrary to law. State v. Goubeaux (2003), Auglaize App. 2-03-21, 2003-Ohio-5886, ¶ 6.
 {¶ 23} When aggravated vehicular homicide is caused by a violation of R.C. 4511.19, driving while intoxicated, it is a felony of the second degree. R.C. 2929.14 (A)(2) mandates that the sentence for a felony of the second degree shall be between two and eight years. R.C. 2929.14 further provides, as a general rule, that if a prison term is to be imposed, the court "shall impose the shortest prison term authorized for the offense." The statute, however, contains exceptions to this rule.
 {¶ 24} One of these exceptions is when "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender." R.C. 2929.14(B)(2). The Ohio Supreme Court has interpreted this provision to require the trial court to set forth its reasons when any prison term longer than the minimum sentence is imposed. State v. Edmondson (1999),86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 25} The sentencing hearing in the case sub judice sets forth the trial court's reasons for imposing a near-maximum sentence. The trial court found that although the appellant had not served a previous prison term for a criminal offense, she had a prior OMVI conviction, she had an extensive traffic history of speed offenses which demonstrated a lack of regard for traffic laws, she was driving twice the posted speed limit in a residential area and that she failed to cooperate with police after the accident. The court found that the shortest prison term would demean the seriousness of the crime and would not adequately protect the public from future crime by the appellant.
 {¶ 26} We find that the appellant has not demonstrated, by clear and convincing evidence, that the imposition of sentence by the trial court was in error. The trial court did not fail to explain its reasons for imposing the sentence, the proper procedures were followed and the sentence appears to be supported by the record.
 {¶ 27} Additionally, appellant claims that her sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. "The party claiming that a sentence is inconsistent with sentences given in other cases bears the burden of providing the court with sentences imposed for similar crimes by similar offenders which validate the claim of inconsistency." State v. Agner (2003), Logan App. NO. 8-02-28, 2003-Ohio-5458; citing State v. Hanson (2002), Lucas App. No. L-01-1217, 2002-Ohio-1522. Appellant herein has failed to provide the court with evidence of the sentences imposed for similar crimes by similar offenders in Crawford County. The only cases cited by appellant are those that support the proposition that sentences should be consistent among similar offenders charged with similar offenses. None of these cases are germane to our determination of whether appellant's sentence is consistent with that of similar offenders charged with similar offenses. Since appellant has failed to provide a basis upon which we may review this argument, we decline to do so.
 {¶ 28} Accordingly, appellant's second assignment of error is overruled.
 {¶ 29} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Bryant, P.J., concurs.
 Walters, J., dissents.
[1] Had appellant been charged and found guilty of R.C. 2903.06
(A)(2), reckless operation, a third degree felony, or R.C.2903.06 (A)(3), negligent operation, a first degree misdemeanor, defense counsel's strategy could have resulted in appellant receiving a lesser penalty than the penalty for the second degree felony with which she was charged.