OPINION
{¶ 1} Petitioner-Appellant, Kelly Scott-Hoover, appeals a judgment of the Crawford County Court of Common Pleas, granting Respondent-Appellee's, the State of Ohio, motion for summary judgment, which denied Scott-Hoover's petition for postconviction relief. On appeal, Scott-Hoover contends that the trial court erred in dismissing her petition for postconviction relief without first conducting an evidentiary hearing and that the trial court's dismissal of her petition was error. Finding that Scott-Hoover's claim is barred by res judicata and that she has not shown any substantive grounds for relief, the judgment of the trial court is affirmed.
 {¶ 2} In September of 2002, Scott-Hoover collided with a bicycle rider while traveling in her car on Biddle Road in Crawford County. The officer dispatched to the scene of the accident reported that he smelled a moderate odor of alcohol on Scott-Hoover. A second officer, who transported Scott-Hoover to the local hospital, also reported an odor of alcohol. While at the hospital, the second officer administered field sobriety tests. He rated Scott-Hoover's performance on the field sobriety tests as "satisfactory" to "low satisfactory." Following the field sobriety tests, the officer placed Scott-Hoover under arrest and blood was drawn so that a blood-alcohol content ("BAC") test could be administered. The BAC test result was .157 by weight.
 {¶ 3} Subsequently, Scott-Hoover was indicted by the grand jury for aggravated vehicular homicide in violation of R.C.4511.19(A), a felony of the second degree. In March of 2003, Scott-Hoover, through counsel, entered several stipulations, including that her blood-alcohol level was .157, that appellant was driving the vehicle that struck the decedent, that the collision caused the decedent's death and that the offense occurred in Crawford County, Ohio. Subsequently, Scott-Hoover executed a waiver of her right to a jury trial and a bench trial was held.
 {¶ 4} Following the presentation of the evidence, the trial court found Scott-Hoover guilty of aggravated vehicular homicide and sentenced her to seven years in prison.
 {¶ 5} Scott-Hoover appealed the trial court's sentence and judgment, arguing that she had been denied the effective assistance of trial counsel based on trial counsel's stipulations and that the trial court erred in imposing a near-maximum sentence. In State v. Scott-Hoover, 3rd Dist. No. 3-03-20, 2004-Ohio-97, this Court upheld the judgment of the trial court.
 {¶ 6} In February of 2004, Scott-Hoover filed a timely petition for postconviction relief, claiming that she had been denied the right to effective assistance of counsel based on trial counsel's failure to file a motion to suppress the BAC test results. Subsequently, the State filed a motion for summary judgment.
 {¶ 7} Upon review of all the required materials, the trial court determined that Scott-Hoover failed to meet the criteria for postconviction relief. Accordingly, the trial court granted the State's motion for summary judgment. It is from this judgment Scott-Hoover appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The trial court erred when it dismissed Ms. Scoot-Hoover'sstate post-conviction petition, without first conducting anevidentiary hearing, because Ms. Scott-Hoover demonstratedsubstantial grounds for relief. The trial court's failure toorder further discovery and conduct an evidentiary hearing inthis case deprived Ms. Scott-Hoover of her rights to due processand equal protection, as guaranteed by the Fifth andFourteenth Amendments to the United States Constitution, and Section 10 and16, Article I of the Ohio Constitution. (Docket Entry No. 55).
 Assignment of Error No. II Ms. Scott-Hoover was deprived of her right to the effectiveassistance of counsel based on trial counsel's failure to file amotion to suppress the results of the blood alcohol content (BAC)test performed in this case. Sixth and Fourteenth Amendments tothe United States Constitution; Section 10, Article 1, Ohio StateConstitution. (Docket Entry No. 50).
 {¶ 8} Due to the nature of appellant's claims, we will be addressing the assignments of error out of order.
 Assignment of Error No. II {¶ 9} In Scott-Hoover's second assignment of error, she argues that she was denied the right to the effective assistance of counsel based on her trial counsel's failure to file a motion to suppress the result of the BAC test.
 {¶ 10} This Court clearly set forth the standards applicable to the review of petitions for postconviction relief in State v.Yarbrough (Apr. 30, 2001), 3d Dist. No. 17-2000-10, unreported. R.C. 2953.21 governs postconviction relief and provides "a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution." Id. Therefore, in order to prevail on a petition for postconviction relief, a petitioner must establish that there was a denial or infringement of his constitutional rights. See R.C. 2953.21(A)(1).
 {¶ 11} This court has noted though that "[t]he postconviction statute is not intended * * * to permit `a full blown retrial of the [petitioner's] case.'" Yarbrough supra, quoting State v.Robison (June 19, 1989), 4th Dist. No. 88 CA 15, unreported. Since postconviction petitions are limited to claimed constitutional violations, "procedural or other errors at trial not involving constitutional rights are not relevant or subject to review." Id.
 {¶ 12} A petitioner is not necessarily entitled to an evidentiary hearing when a petition for postconviction relief is filed. R.C. 2953.21(C); see, also, State v. Calhoun (1999),86 Ohio St.3d 279, 283. Rather, the trial court shall determine whether there are substantive grounds for relief before granting a hearing on the petition. R.C. 2953.21(C). In order to show that substantive grounds for relief exist, a petitioner must produce sufficient credible evidence to demonstrate that he suffered a violation of his constitutional rights. R.C. 2953.21(A)(1);Calhoun, 86 Ohio St.3d at 283. Ohio courts have held that it is not unreasonable to require a petitioner to show in his postconviction petition that the alleged errors resulted in prejudice before a hearing on the petition is scheduled. SeeCalhoun, 86 Ohio St.3d at 283; State v. Jackson (1980),64 Ohio St.2d 107, 112. Therefore, before a hearing is granted, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the errors alleged in the petition for postconviction relief.Calhoun, 86 Ohio St.3d at 283, quoting Jackson, 64 Ohio St.2d at syllabus. The trial court has the sound discretion to decide whether to grant the petitioner an evidentiary hearing.Calhoun, 86 Ohio St.3d at 284.
 {¶ 13} The trial court must examine the petition, any supporting affidavits, any documentary evidence and all the files and records in the case when determining whether the petition contains substantive grounds for relief. R.C. 2953.21(C). While a trial court should give deference to sworn affidavits filed in support of the petition, the trial court may also exercise discretion in judging the credibility of the affidavits to determine whether to accept the affidavits as true statements of fact. Calhoun, 86 Ohio St.3d at 284.
 {¶ 14} The Ohio Supreme Court has applied the doctrine of res judicata to postconviction proceedings. State v. Reynolds
(1997), 79 Ohio St.3d 158, 161. The Court in State v. Perry
(1967), 10 Ohio St.2d 175, para. nine of the syllabus, held that:
Under the doctrine of res judicata, a final judgment ofconviction bars a convicted defendant who was represented bycounsel from raising and litigating in any proceeding except anappeal from that judgment, any defense or any claimed lack of dueprocess that was raised or could have been raised by thedefendant at the trial, which resulted in that judgment ofconviction, or on an appeal from that judgment.
 {¶ 15} Under the doctrine of res judicata, a claim for relief presented in a postconviction petition is subject to dismissal without an evidentiary hearing when it presents a matter that could fairly have been determined on direct appeal and without resort to evidence dehors the record. Id.; State v. Cole
(1982), 2 Ohio St.3d 112, syllabus.
 {¶ 16} In her petition for postconviction relief, Scott-Hoover claimed that she had been denied her constitutional right to effective assistance of counsel. The trial court found that this claim was barred by the doctrine of res judicata. The trial court determined that Scott-Hoover's petition did not contain any material evidence dehors the record and that the claim of ineffective assistance of counsel could have been raised upon direct appeal.
 {¶ 17} The Supreme Court of Ohio has specifically applied the doctrine of res judicata to postconviction proceedings alleging ineffective assistance of counsel. In State v. Cole,2 Ohio St.3d 112, syllabus, the Court held, in pertinent part, as follows:
Where defendant, represented by new counsel upon directappeal, fails to raise therein the issue of competent trialcounsel and said issue could fairly have been determined withoutresort to evidence dehors the record, res judicata is aproper basis for dismissing defendant's petition forpostconviction relief. (citations omitted.)
 {¶ 18} However, if an ineffective assistance of counsel issue concerns a matter outside the record, the appellate court could not consider it on direct appeal because the court can only consider matters contained in the record. State v. Smith
(1985), 17 Ohio St.3d 98, 101, fn. 1. Although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record. This principle applies even when the issue of ineffective assistance of counsel was raised on direct appeal. Id.
 {¶ 19} In the case sub judice, Scott-Hoover was represented by a new attorney on appeal. Therefore, any claim of ineffective assistance of counsel which could fairly have been determined without resort to evidence dehors the record had to be brought on direct appeal or it was forever waived. Yarbrough supra. Additionally, as noted above, Scott-Hoover raised ineffective assistance of counsel as an assignment of error in her direct appeal, and this Court overruled that assignment.
 {¶ 20} In Scott-Hoover's claim for ineffective assistance of counsel, she argues that she was entitled to an evidentiary hearing on the basis of the trial counsel's failure to file a pretrial motion to suppress the BAC test results. In the petition for postconviction relief, Scott-Hoover asserted that the State failed to comply with the Department of Health regulations governing blood tests and that the State lacked probable cause to believe that Scott-Hoover was "under the influence" to support the seizure of her blood. To support her claim, Scott-Hoover attached the affidavit of public defender criminal investigator, Peggy Kent, Officer James Davis' initial report, several internet maps to illustrate the time and distance the officer was on the road prior to dropping off Scott-Hoover's blood sample, several internet weather readings for the temperature of the surrounding areas on the day of the accident and a letter from lead medical toxicologist, Matthew Scheidegger, explaining the drop in Scott-Hoover's BAC test results.
 {¶ 21} Scott-Hoover argues that the affidavit, officer's report and internet findings filed with her petition are matters outside the record. Technically, this is true, since the affidavit was not sworn and the other evidence was not collected until after Scott-Hoover's trial. However, these facts were all discoverable by appellant at the time of the trial and, as such, could have been raised upon direct appeal. Accordingly, the issue is barred by res judicata.
 {¶ 22} Furthermore, even if the matter was not barred by res judicata, Scott-Hoover has still failed to state any substantive grounds for relief. As noted above, at trial, Scott-Hoover, through counsel, entered several stipulations, including that her blood-alcohol level was .157, that she was driving the vehicle that struck the decedent, that the collision caused the decedent's death and that the offense occurred in Crawford County, Ohio. On direct appeal, Scott-Hoover claimed that she was denied her right to effective assistance of counsel based on the above stipulations. Again, in State v. Scott-Hoover,
2004-Ohio-97, at ¶ 19, this Court upheld the trial court's conviction and sentence, finding that Scott-Hoover "has failed to demonstrate that the proceeding was unreliable or fundamentally unfair due to defense counsel's arguments or trial strategies." Furthermore, this court found that Scott-Hoover's stipulations did not prejudice her.
 {¶ 23} Having found that Scott-Hoover's claim is barred by res judicata and that she has failed to show any substantive grounds for relief, the second assignment of error is overruled.
 Assignment of Error No. I {¶ 24} In the first assignment of error, Scott-Hoover asserts that the trial court erred in dismissing her petition without first conducting an evidentiary hearing.
 {¶ 25} Again, a petitioner is not necessarily entitled to an evidentiary hearing when a petition for postconviction relief is filed. R.C. 2953.21(C); see also Calhoun, 86 Ohio St.3d at 283. Rather, the trial court shall determine whether there are substantive grounds for relief before granting a hearing on the petition. R.C. 2953.21(C).
 {¶ 26} Based on the above finding that Scott-Hoover failed to show any substantive grounds for relief, we cannot say the court erred in not conducting an evidentiary hearing prior to dismissing Scott-Hoover's claim. Accordingly, the first assignment of error is overruled.
 {¶ 27} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, J.J., concur.