[Cite as *State v. Workman*, 2019-Ohio-5379.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

TIMOTHY SCOTT WORKMAN,

    DEFENDANT-APPELLANT.

CASE NO. 2-19-09

O P I N I O N

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2014-CR-75

Judgment Affirmed

Date of Decision:  December 30, 2019

APPEARANCES:

    *Timothy Workman* Appellant

    *Benjamin R. Elder* for Appellee

**WILLAMOWSKI, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Defendant-appellant Timothy S. Workman ("Workman") appeals the judgment of the Auglaize County Court of Common Pleas, alleging that the trial court erred in dismissing his petition for post-conviction relief without an evidentiary hearing. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 3, 2014, Workman was found guilty of thirty-nine counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1), thirty-nine counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(3), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Doc. 202-280. Workman was sentenced to an aggregate forty-year prison term. Doc. 368. He filed his direct appeal on March 9, 2015. Doc. 381. On December 7, 2015, this Court affirmed his conviction. Doc. 424. *State v. Workman*, 3d Dist. Auglaize No. 2-15-05, 2015-Ohio-5049.

{¶3} Since his conviction was affirmed by this Court, Workman has filed numerous motions relative to his conviction with the trial court. Workman filed a motion for a Franks hearing on April 8, 2015 and February 16, 2016. Doc. 394, 446. The trial court subsequently denied both of these motions. Doc. 402, 448. He

appealed the denial of one of these motions. Doc. 479. This Court then affirmed the decision of the trial court. Doc. 502.

{¶4} Workman has filed a motion for a new trial on August 12, 2016; December 12, 2016; November 3, 2017; and February 22, 2018. Doc. 512, 533, 577, 599. On March 18, 2018, Workman filed a motion for leave to file a motion for a new trial. Doc. 603. The trial court subsequently denied each of these motions. Doc. 530, 549, 585, 600, 607. Workman then appealed the denial of two of these motions. Doc. 588, 610. In both of these appeals, this Court affirmed the decision of the trial court. Doc. 606, 646.

{¶5} Workman has also filed a petition for postconviction relief on September 16, 2015; on April 10, 2017; on May 17, 2018; on September 24, 2018; and on June 20, 2019. Doc. 414, 553, 618, 648, 672. The trial court subsequently dismissed or denied each of these petitions. Doc. 441, 558, 627, 653, 681. Workman then appealed the trial court's disposition of each of these petitions. Doc. 463, 561, 630, 657, 684. This Court has, on appeal, affirmed the trial court's decision regarding each of the prior petitions. Doc. 502, 575, 665, 667, *State v. Workman*, 3d Dist. Auglaize No. 2-19-07, unreported judgment entry (Dec. 16, 2019).

{¶6} On August 12, 2019, Workman filed a successive petition for postconviction relief that requested an evidentiary hearing. Doc. 690. The trial court dismissed Workman's petition on August 12, 2019, concluding that it lacked

jurisdiction to entertain Workman's petition. Doc. 695. The appellant filed his notice of appeal on August 22, 2019. Docket 2: 1. On appeal, Workman raises the following assignments of error:

**First Assignment of Error**

**The trial court abused its discretion when it dismissed Workman's Petition for Post Conviction [Relief], when the record shows that Workman was unavoidably prevented from discovery of the facts which he relies.**

**Second Assignment of Error**

**The trial court abused its discretion when it failed to hold an evidentiary hearing on Workman's Petition for Post Conviction Relief [because] Workman meets the statutory requirements that allow this Court to entertain this successive Petition for Post Conviction Relief.**

We will consider both of these assignments of error in one analysis.

*First and Second Assignments of Error*

{¶7} In his successive petition for postconviction relief, Workman alleges that he received documents after his conviction that had not been provided to him before or during his trial. He argues, based on this alleged newly discovered evidence, that he is entitled to an evidentiary hearing regarding the matters in his petition.

*Legal Standard*

{¶8} "R.C. 2953.21, Ohio's postconviction-relief statute, provides 'a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable

under the United States or the Ohio Constitution.'" *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, 891 N.E.2d 1191, ¶ 24 (3d Dist.), quoting *State v. Scott-Hoover*, 3d Dist. Crawford No. 3-04-11, 2004-Ohio-4804, ¶ 10. "Postconviction review is not a constitutional right, but is a collateral civil attack on a judgment that is governed solely by R.C. 2953.21." *Keith* at ¶ 26. A petition for postconviction relief is timely filed if the petition is submitted "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2).

{¶9} "A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies." *State v. Cunningham*, 2016-Ohio-3106, 65 N.E.3d 307, ¶ 13 (3d Dist.), quoting *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶ 14. R.C. 2953.23(A) reads, in its relevant part, as follows:

> **(A) * * *[A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * *:**
>
> **(1) Both of the following apply:**
>
> **(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

> **(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.**

R.C. 2953.23(A)(1). "Thus, unless the defendant alleges a new federal or state right has been recognized, the defendant must prove (1) that he was unavoidably prevented from discovery of facts upon which his successive petition for postconviction relief rests and (2) that he would not have been convicted at trial by a reasonable factfinder but for the constitutional error." *State v. Workman*, 3d Dist. Auglaize No. 2-17-12, 2017-Ohio-7364, ¶ 18.

{¶10} "However, '[t]he filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing.'" *State v. Lewis*, 3d Dist. Logan No. 8-19-08, 2019-Ohio-3031, ¶ 12 quoting *State v. Andrews*, 3d Dist. Allen No. 1-11-42, 2011-Ohio-6106, ¶ 11. Rather, "[a] hearing on a petition for post-conviction relief is not necessary unless the trial court finds that the petition sets forth substantive grounds for relief." *State v. Brown*, 3d Dist. Allen No. 1-11-68, 2012-Ohio-2126, ¶ 6, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282-83, 714 N.E.2d 905 (1999). To determine whether there are substantive grounds for relief,

> **the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the**

> **journalized records of the clerk of the court, and the court reporter's transcript.**

R.C. 2953.21(C). "Therefore, before a hearing is granted, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the errors alleged in the petition for postconviction relief." *Scott-Hoover, supra*, at ¶ 12.

{¶11} Further, the doctrine of "[r]es judicata applies to any claim that was raised or could have been raised in a prior petition for postconviction relief." *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, ¶ 25. *See Coulson v. Coulson*, 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983) (holding that "[p]rinciples of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally."). "'Res judicata' means that a final decision has previously been made * * * [and] serves to preclude a party who had his or her day in court from seeking a second hearing on the same issue." *Clemmons* at ¶ 25. Thus, res judicata operates to "bar raising piecemeal claims in successive postconviction relief petitions * * *." *State v. Lawson*, 12th Dist. Clermont No. CA2013-12-093, 2014-Ohio-3554, ¶ 53, quoting *State v. Johnson*, 5th Dist. Guernsey No. 12 CA 19, 2013-Ohio-1398, ¶ 47.

{¶12} "[I]f the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing." *State v. Driskill*, 3d Dist. Mercer Nos. 10-07-03 and 10-07-04, 2008-Ohio-827, ¶ 13, quoting *State v.*

*Jones*, 3d Dist. Defiance No. 4-07-02, 2007-Ohio-5624, ¶ 14. "The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court." *Andrews* at ¶ 11, citing *Calhoun* at 284. Thus, we review a trial court's dismissal of an untimely or successive petition for post-conviction relief without a hearing for an abuse of discretion. *State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 10.

{¶13} "An abuse of discretion is not merely an error of judgment." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). "Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious." *State v. Kleman*, 3d Dist. Hardin No. 6-19-01, 2019-Ohio-4404, ¶ 18, quoting *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23. When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, 85 N.E.3d 1108, ¶ 11 (3d Dist.).

*Legal Analysis*

{¶14} Since Workman's direct appeal occurred in 2015, this successive petition for postconviction relief was not filed within the time limit prescribed in R.C. 2953.21(A)(2). Thus, unless one of the exceptions in R.C. 2953.23(A) applies, the trial court did not have jurisdiction to consider Workman's petition for postconviction relief. In this case, Workman argues that he was unavoidably

prevented from discovering the evidence that forms the basis of his petition and that, but for this constitutional error, he would not have been found guilty.

{¶15} In his petition, Workman claims that he did not, at the time of his trial, have access to an incident report that documented the investigative activities of the police on September 30, 2013 ("Incident Report"). Doc. 690. One page of this incident report is attached to Workman's petition and forms the basis of his arguments. Doc. 690. However, the State, in its response to Workman's petition, represents that this Incident Report was provided to Workman on January 6, 2014 as part of the State's initial discovery disclosure to the Defense. Doc. 698. For this reason, the State argues that the evidence that forms the basis of Workman's petition was available to him at the time of his trial and during his direct appeal. Doc. 698. Thus, the State argued that Workman's petition was barred by res judicata. Doc. 698.

{¶16} Even if the State did not provide Workman with this Incident Report during discovery, this petition is still barred by res judicata because Workman submitted this exact same page of the Incident Report with a prior petition for postconviction relief on May 17, 2018. Doc. 618, 690. *See State v. McKelton*, 2016-Ohio-3216, 55 N.E.3d 26, ¶ 15 (12th Dist.). This earlier petition was dismissed by the trial court on May 23, 2018. Doc. 627. After Workman appealed the dismissal of his petition, this Court affirmed the decision of the trial court. Doc. 630, 665. The fact that he had this document at the time he filed his previous petition for

postconviction relief means he could have raised this exact issue in his prior petition. Further, beyond the Incident Report, the remaining facts and arguments raised in this successive petition have been raised previously in Workman's prior petitions for postconviction relief. Thus, res judicata bars the claims raised in his petition.

{¶17} Workman has not demonstrated that one of the exceptions in R.C. 2953.23(A) applies to this case. After reviewing the evidence in the record, we conclude that the trial court did not abuse its discretion in dismissing Workman's untimely, successive petition for postconviction relief without an evidentiary hearing. Thus, the appellant's first and second assignments are overruled.

*Conclusion*

{¶18} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Auglaize County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**