OPINON
{¶ 1} Defendant-appellant, Antwayne D. Brown, appeals the judgment of and sentence of the Allen County Court of Common Pleas. Following a jury trial, Brown was convicted on single counts of aggravated burglary, aggravated robbery, and felonious assault, and he was sentenced to consecutive sentences totaling twenty-nine years imprisonment. For the reasons set forth below, we find Brown's appeal to be without merit and affirm the judgment and sentence of the trial court.
 {¶ 2} The facts of the case are not disputed in this appeal. On September 1, 2004 Brown, along with Keeshawn Gibson, forcibly entered the residence of one Joseph Walls. They apparently believed that drugs and money were located in the residence, and entered the residence in order to obtain either or both. Gibson knocked on the door to the residence, and when Walls answered Brown forced open the door. A struggle ensued and Brown forced Walls to the ground. Brown thereafter pointed a gun at Walls, and repeatedly asked, "Where's it at? Where's it at?" Walls did not respond quickly enough for Brown's liking, and Brown shot him four times — once in the right leg, twice in the left leg, and once in the left shoulder. Thereafter, Brown took $103.00 from Walls' person, and then went through the residence, during which time Walls escaped.
 {¶ 3} Brown was indicted on October 15, 2004 on three separate counts: one count of aggravated burglary in violation of R.C.2911.11(A)(2), one count of aggravated robbery in violation of R.C. 2911.01.11(A)(1), and one count of felonious assault in violation of R.C. 2903.11(A)(2). All three counts contained firearm specifications; the aggravated burglary and aggravated robbery charges are felonies of the first degree, while the felonious assault charge is a second degree felony.
 {¶ 4} A jury trial was held on January 10, 2005, and the jury returned guilty verdicts on all three counts. The court imposed sentence immediately thereafter, having already read a pre-sentence investigation report from Brown's previous criminal convictions. At sentencing, the trial court imposed a nine year prison term on the aggravated burglary charge, a nine year prison term on the aggravated robbery charge, and an eight year prison term on the felonious assault charge. Additionally, the court sentenced Brown to a mandatory three year term on the firearm specifications, ordering that they be served concurrently. The court then ordered that the sentences on the three primary charges and the merged sentence on the firearm specification be served consecutively, for a total prison term of twenty-nine years. Brown now appeals his conviction and sentence, asserting two assignments of error.
 I The trial court committed an error of law by imposing multiplesentences for allied offenses.
 {¶ 5} In the first assignment of error, Brown argues that the aggravated burglary and aggravated robbery charges are allied offenses of similar import, and therefore the trial court erred by imposing separate sentences on both charges. At the outset, we note that Brown never raised this issue before the trial court, and therefore we will review it only for plain error. State v. Comen (1990), 50 Ohio St.3d 206, 211. Pursuant to Crim.R. 52(B), plain error requires that there be an obvious defect in the trial court proceedings that affects a substantial legal right. Statev. Barnes (2002), 94 Ohio St.3d 21, 27; State v. Long (1978),53 Ohio St.2d 91, at ¶ 2 of the syllabus. Thus, "only extraordinary circumstances and the prevention of a miscarriage of justice warrant a finding of plain error." State v. Brown, Logan App. No. 8-02-09, 2002-Ohio-4755, ¶ 8 (citing Long, supra at ¶ 3 of the syllabus).
 {¶ 6} In determining whether two separate charges constitute allied offenses of similar import, we must look to Ohio's multiple count statute, R.C. 2941.25, which provides:
Where the same conduct by defendant can be construed to constitute twoor more allied offenses of similar import, the indictment or informationmay contain counts for all such offenses, but the defendant may beconvicted of only one.
 (B) Where the defendant's conduct constitutes two or more similaroffenses of dissimilar import, or where his conduct results in two ormore offenses of the same or similar kind committed separately or with aseparate animus as to each, the indictment or information may containcounts for all such offenses, and the defendant may be convicted of allof them.
The Supreme Court of Ohio analyzed this statute in State v. Rance
(1999), 85 Ohio St.3d 632. Put simply, in order to convict a criminal defendant on multiple charges, they must either be (1) of dissimilarimport or (2) committed separately or with a separate animus if they are of similar import. Id. at 636. The test for determining whether two offenses are of similar import is whether the offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." Id. (citing State v. Jones (1997),78 Ohio St.3d 12, 13). This test must be performed in the abstract, comparing the statutory elements of each offense while ignoring the facts of each particular case. Rance, supra at 636.
 {¶ 7} Various courts in Ohio have applied the Rance test to the two statutory offenses at issue in this case — aggravated burglary and aggravated robbery — and concluded that they are of dissimilar import. See State v. Stern (2000), 137 Ohio App.3d 110, 116; State v.Williams (1996), 74 Ohio St.3d 569, 580, 660 N.E.2d 724; State v.Lamberson (March 19, 2001), 12th Dist. No. CA2000-04-012, 2001 WL 273806, at *16 (comparing aggravated burglary, aggravated robbery, and rape). As these courts found, aligning the elements of aggravated burglary and aggravated robbery in the abstract, commission of the one does not entail commission of the other. Specifically, conviction for aggravated burglary requires proof that the defendant trespassed in an occupied structure with the purpose of committing a criminal offense therein while possessing a deadly weapon. R.C. 2911.11(A)(2). Conviction for aggravated robbery does not require any trespass, but requires proof that the defendant both possess a deadly weapon and "either display the weapon, brandish it, indicate that the offender possesses it, or use it" while committing a theft offense. R.C. 2901.11(A)(1). Therefore, each offense requires proof of an element that the other does not, and therefore they cannot be allied offenses of similar import. Stern, supra at 116. Accordingly, Brown's first assignment of error is overruled.
 II The trial court committed an error of law by imposing consecutivesentences.
 {¶ 8} In his second assignment of error Brown argues that the trial court failed to make the necessary findings under R.C. 2929.14(E) when imposing consecutive sentences. He also argues that the trial court failed to state its reasons for imposing consecutive sentences.
 {¶ 9} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds by clear and convincing evidence "[t]hat the record does not support the sentencing court's findings under * * * division E(4) of section 2929.14." R.C. 2953.08(G)(2). The trial court, however, is in the best position to make the evaluations on the facts required by the sentencing statutes because the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v.Johnson (2004), 2004 Ohio 2062, State v. Martin (1999),136 Ohio App. 3d 355, 361.
 {¶ 10} R.C. 2929.14(E) permits a trial court to impose consecutive sentences in certain circumstances:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect he public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public. . . .
R.C. 2929.14(E)(4). That section also requires that the trial court find either (1) that the offender committed the offenses while pending trial or under post-release control, (2) at least two of the offenses were committed as part of a "course of conduct," or (3) that consecutive sentences were necessary to protect the public from future harm because of the offender's criminal history. Id.
 {¶ 11} Additionally, in State v. Comer (2003), 99 Ohio St. 3d 463,2003-Ohio-4165, the Ohio Supreme Court held that prior to imposing consecutive sentences, the trial court must make the requisite statutory findings and provide the rationale supporting those findings on the record at the sentencing hearing. The Ohio Supreme Court further explained that "on the record" means that "oral findings must be made at the sentencing hearing." Id. at ¶ 26.
 {¶ 12} In the instant case, the record reflects that the trial court considered the factors listed under R.C. 2929.14(E)(4) and stated his reasons for imposing consecutive sentences on the record. At sentencing, the court reviewed Brown's previous criminal history, which included several drug and alcohol offenses. Brown also had previous community control sanction violations, and the court specifically noted that Brown showed no remorse. Finally, the court specifically went through the factors listed in R.C. 2929.14(E)(4):
The Court finds that the — as indicated the three (3) major counts, theaggravated burglary, aggravated robbery and felonious assault shall runconsecutive in that it is necessary to protect the public and punish thedefendant, consecutive terms are not disproportionate to the conduct ofdefendant in that the harm done was so great or unusual that a singleterm does not adequately reflect the seriousness of the defendant'sconduct.
 Defendant's conduct, based upon defendant's previous record plus theinstances — the facts of this case, which we all heard is that they bumrushed [the] house, broke into the house, had Mr. Walls down on thefloor, robbed him, shot him least — shot him four times, shot him in thechest.
 The court further finds that defendant's criminal history shows thatconsecutive terms are needed to protect the public.
 {¶ 13} Brown specifically contends that the trial court failed to make an adequate finding under R.C. 2929.14(E)(4)(b) that the offenses were part of a course of conduct. However, we need not make a determination of whether this was an adequate finding because the trial court clearly found consecutive sentences were necessary to protect the public from future crimes due to Brown's criminal history. R.C. 2929.14(E)(4)(c). With this finding, the trial court fulfilled the requirements of the statute, and the additional finding under section (b) was not required.
 {¶ 14} Accordingly, we find that the trial court fulfilled the requirements of R.C. 2929.14(E)(4) when imposing consecutive sentences. Therefore, for the foregoing reasons Brown's second assignment of error is overruled. The judgment of the Allen County Court of Common Pleas is affirmed.
Judgment Affirmed.
 Bryant, J., concurs.