OPINION
{¶ 1} Defendant-Appellant Tommy R. Dinkins ("Dinkins") appeals from the May 30, 2006 Judgment Entry of Sentencing of the Court of Common Pleas of Allen County, Ohio sentencing him to five years in prison for his conviction of Unlawful Sexual Conduct With a Minor, a felony of the third degree in violation of R.C. 2907.04(A) (B)(3) and ten years in prison for his conviction of Rape, a felony of the first degree in violation of R.C. 2907.02(A)(2).
 {¶ 2} This matter stems from events occurring on April 17, 2004 in Lima, Ohio. On this date, the victim in the present case ("Heather") had just turned 13 years old and was living with her mother in an apartment on Baxter Street. On this date, Heather and a friend were having a sleepover and Heather's mother left the girls alone in the apartment for awhile when she went to pick up some furniture. However, Heather's mother instructed the girls that they were not to let anyone into the house while she was gone.
 {¶ 3} Sometime between 8:00 and 9:00 p.m. Dinkins knocked on the door and asked for Heather's mother. Dinkins claimed that he wanted to call Heather's mother, and Heather thought he might have been a friend of her mother's, so she went downstairs to a neighbor's apartment to use the phone. Heather was able to reach her mother and told her that someone named "Tommy" was there to see her. *Page 3 
Heather's mother asked "who?" and then Dinkins got on the phone to talk with Heather's mother. Heather did not hear the conversation between her mother and Dinkins, however, when Dinkins hung up the phone, he told Heather that her mother had said it was all right if he came upstairs to their apartment to wait until her mother got home.
 {¶ 4} Heather went back upstairs and let Dinkins into the apartment. Dinkins sat in the living room while Heather and her friend went into her bedroom and locked the door. At some point, Heather's friend left the bedroom to get something to drink. As Heather tried to shut the door behind her friend, Dinkins came into the bedroom, told her to lie on the bed, and told her that anything she didn't do, she would regret. Dinkins lifted up Heather's skirt, got on top of her, and had sex with her while Heather unsuccessfully said "no" and tried to fight back. Dinkins told Heather not to tell anybody and then got up and left. Heather's friend returned to the bedroom and found Heather crying. Heather stated that something bad had happened but the two girls went to bed before Heather's mother returned.
 {¶ 5} The next day, Heather's mother noticed that Heather was acting strange and Heather revealed that "Tommy" had sexually assaulted her. Heather's mother subsequently filed a police report concerning the incident. *Page 4 
 {¶ 6} On March 17, 2005 the Allen County Grand Jury indicted Dinkins on one count of Unlawful Sexual Conduct With a Minor, a felony of the third degree in violation of R.C. 2907.04(A) (B)(3) and one count of Rape, a felony of the first degree in violation of R.C. 2907.02(A)(2). On March 25, 2005 Dinkins appeared in court and entered a plea of not guilty to the charges contained in the indictment.
 {¶ 7} This matter proceeded to a jury trial commencing February 21, 2006. On February 22, 2006 the jury returned a verdict finding Dinkins guilty of both charges contained in the indictment.
 {¶ 8} On May 30, 2006 the trial court conducted Dinkins' sentencing hearing. The trial court sentenced Dinkins to five years in prison for his conviction of Count One, Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A) (B)(3), which was not a mandatory term. The trial court sentenced Dinkins to ten years in prison for his conviction of Count Two, Rape in violation of R.C. 2907.02(A)(2); a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or 2925. The trial court further ordered that the prison term imposed in Count One be served concurrently to the prison term imposed in Count Two pursuant to R.C. 2929.14(E) because of merger. The trial court also granted Dinkins credit for 488 days served in custody.
 {¶ 9} Dinkins now appeals, asserting two assignments of error. *Page 5 
 ASSIGNMENT OF ERROR I THE TRIAL COURT COMMITTED ERROR BY FAILING TO INSERT AREQUESTED INSTRUCTION OF THE DEFENDANT AS TO ALTERNATIVECOUNTS IN THE INDICTMENTS PURSUANT TO OHIO JURY INSTRUCTIONSECTION 413.30. {¶ 10} In his first assignment of error, Dinkins contends that the trial court erred in failing to give his requested jury instruction on alternative counts as he was charged with two counts for the same act which act as allied offenses of similar import.
 {¶ 11} In general, the rule regarding appellate review of jury instructions is that a sole instruction must be viewed within context of the whole set rather than isolation. State v. Coe, 3rd
Dist. No. 13-97-46, 1998 WL 306555 citing State v. Taylor (1997),78 Ohio St.3d 15, 29-30, 676 N.E.2d 82; State v. Price (1979),60 Ohio St.2d 136, 398 N.E.2d 772, paragraph four of the syllabus.
 {¶ 12} Our review of the record demonstrates that the defense requested that the court include Ohio Jury Instruction 413.30 concerning alternative counts. (Transcript ("Tr.") of February 21-22, 2006 jury trial, p. 195). This jury instruction provides as follows:
 413.30 Alternative Counts
 1. The offenses charged in count . . . and count. . .of the indictment (information) do not charge two separate offenses, but in effect charge that the defendant(s) committed one or the other of such offenses.
 2. GUILTY OF ONE. If you find that the state proved beyond a reasonable doubt all the essential elements of one offense, your *Page 6 verdict must be guilty as to that offense and not guilty as to the other.
 3. NOT GUILTY. If you find that the state failed to prove beyond a reasonable doubt any one of the essential elements of both offenses, your verdict must be not guilty as to both offenses.
 4. VERDICT. 4 OJI 413.50
 {¶ 13} Defense counsel asserted that this instruction would be appropriate because there was only one act at issue; thus the jury should be able to find Dinkins guilty of one offense as opposed to finding him guilty of both counts of the indictment if the instruction was not given. (Tr. p. 195). In overruling Dinkins' request, the trial court stated that the charges in the indictment were not alternative charges, but separate charges. (Tr. p. 195).
 {¶ 14} In the present case, Dinkins was charged with one count of Unlawful Sexual Conduct With a Minor in violation of R.C. 2907.04(A) (B)(3) which provides as follows:
 (A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows that the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
 (B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.
 * * *
 (3) Except as otherwise provided in division (B)(4) of this section, if the offender is ten or more years older than the other person, unlawful sexual conduct with a minor is a felony of the third degree. *Page 7 
 {¶ 15} Dinkins was also charged with one count of Rape in violation of R.C. 2907.02(A)(2) which provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 16} In determining whether two separate charges constitute allied offenses of similar import, we must look to Ohio's multiple count statute, R.C. 2941.25 which provides as follows:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 17} The Supreme Court of Ohio analyzed this statute in State v.Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699. In order to convict a criminal defendant on multiple charges, they must either be (1) of dissimilar import, or (2) committed separately or with a separate animus if they are of similar import. State v. Brown 3rd Dist. No. 1-05-11, 2005-Ohio-6177 citing State v. Rance (1999),85 Ohio St.3d at 636. The test for determining whether two offenses are of similar import is whether the offenses "correspond to such a degree that the commission *Page 8 
of one crime will result in the commission of the other." Id. citingState v. Jones (1997), 78 Ohio St.3d 12, 13, 676 N.E.2d 80. This test must be performed in the abstract, comparing the statutory elements of each offense while ignoring the facts of each particular case.Rance, supra at 636, 710 N.E.2d 699.
 {¶ 18} Comparing the elements of Unlawful Sexual Conduct With a Minor and Rape in the abstract, we note that commission of the one offense does not automatically entail commission of the other. Specifically, we note that conviction for Rape requires proof that the defendant engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force. R.C. 2907.02(A)(2). In contrast, conviction for Unlawful Sexual Conduct With a Minor does not require any force or threat of force, but requires proof that the defendant engage in sexual conduct with another when the offender knows that the other person is 13 years of age or older but less than sixteen years of age or the offender is reckless in that regard. R.C.2907.04(A).
 {¶ 19} Therefore, each offense that Dinkins was charged requires proof of an element that the other does not, and therefore they cannot be allied offenses of similar import.
 {¶ 20} Additionally, we also note that the charge of Unlawful Sexual Conduct With a Minor is not a lesser included offense of the charge of Rape. *Page 9 
 {¶ 21} In State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294 at paragraph three of the syllabus, the Supreme Court of Ohio set for the test for determining whether one offense is a lesser included offense of another:
 "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. ( State v. Kidder [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified)."
 {¶ 22} We note that the offense of Rape as charged in this case does not contain age as an element in contrast to the offense of Unlawful Sexual Conduct With a Minor. Therefore, Rape, as statutorily defined in R.C. 2907.02(A)(2) can be committed without the offense of Unlawful Sexual Conduct With a Minor as statutorily defined in R.C. 2907.04(A) also being committed. Accordingly, we find that the second prong of theDeem test cannot be met in the present case.
 {¶ 23} As the trial court correctly noted when denying defense counsel's request for a jury instruction on alternative counts; the two crimes with which Dinkins was charged are separate criminal offenses, not alternatively charged counts of the same crime. Accordingly, we find that the trial court did not err in failing to give a jury instruction on alternative counts. Therefore, Dinkins' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II *Page 10 
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANTBY FAILING TO GRANT THE MOTION OF THE DEFENDANT FOR ACQUITTALMADE PURSUANT TO OHIO RULE OF CRIMINAL PROCEDURE 29 FOR THEREASON THAT THE STATE OF OHIO FAILED TO PROVIDE EVIDENCE OFTHE ELEMENT OF "FORCE" THAT WOULD SURVIVE SUCH A MOTION. {¶ 24} In his second assignment of error, Dinkins contends that the trial court improperly overruled his Criminal R. 29 motion for acquittal because the State failed to prove the element of force or threat of force included in the offense of rape as charged in the indictment.
 {¶ 25} Crim.R. 29(A) provides that a court must order the entry of a judgment of acquittal of a charged offense "if the evidence is insufficient to sustain a conviction of such offense[.]" However, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus. The Bridgeman standard must be viewed in light of the sufficiency of evidence test set forth in State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph two of the syllabus.State v. Edwards 3rd Dist. No. 9-03-63, 2004-Ohio-4015. In Jenks, the Ohio Supreme Court held that "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to *Page 11 
the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."Jenks, supra.
 {¶ 26} The defendant may move the court for acquittal "after the evidence on either side is closed." Crim.R. 29(A). When a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant "waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense." State v. Edwards, supra citing State v. Brown (1993),90 Ohio App.3d 674, 685, 630 N.E.2d 397. In order to preserve a sufficiency of the evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence. Id. See also Helmick v.Republic-Franklin Ins. Co. (1998), 39 Ohio St.3d 71, 529 N.E.2d 464, paragraph one of the syllabus; State v. McElroy 3rd Dist. No. 2-2000-29, 2001-Ohio-2113.
 {¶ 27} Our review of the record reveals that Dinkins made his Crim. R. 29 motion at the close of the State's case-in-chief. The motion was denied by the trial court, and although Dinkins elected not to present evidence in his defense, he renewed his Crim.R. 29 motion for acquittal which the trial court again denied.
 {¶ 28} Count Two of the indictment herein charged Dinkins with one count of rape in violation of R.C. 2907.02(A)(2) which provides that "no person shall engage in sexual conduct with another when the offender purposely compels the *Page 12 
other person to submit by force or threat of force." Pursuant to R.C.2901.01(A)(1), "force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
 {¶ 29} The Ohio Supreme Court has held that "[f]orce need not be overt and physically brutal, but can be subtle and psychological." State v.Eskridge (1998), 38 Ohio St.3d 56, 58-59, 26 N.E.2d 204. "As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." Id. A threat of force can be inferred from the circumstances surrounding sexual conduct.State v. Edgington, 4th Dist. No. 05CA2866,2006-Ohio-3712 citing State v. Schaim (1992), 65 Ohio St.3d 51 at paragraph one of the syllabus. Furthermore, the amount of force necessary to commit rape is not fixed; it depends on the parties' age, size, strength, and relation to each other. State v. Riffle (1996),110 Ohio App.3d 554, 560, 674 N.E.2d 1214 citing State v. Eskridge (1988),38 Ohio St.3d 56, 526 N.E.2d 204 at paragraph one of the syllabus. Moreover, R.C. 2907.02(C) provides that "[a] victim need not prove physical resistance to the offender in prosecutions under this section."
 {¶ 30} In her trial testimony, Heather testified that when Dinkins came to the doorway of her bedroom she felt it was a threat. Specifically, Heather stated, "[i]t was a threat. It was coming to me as a threat. He told me to lay (sic) down on the bed. If I didn't do it, I would regret it." (Tr. p. 54). Heather also testified *Page 13 
about her unsuccessful efforts to fight Dinkins off and her requests that he stop and get off her. (Tr. pp. 45, 55). Heather testified that she told Dinkins "to get off of me as loud as I could." (Tr. p. 55). Additionally, Heather's testimony that Dinkins lifted up her skirt and then took off her underwear without her consent (Tr. p. 70), is sufficient evidence of force or threat of force. See State v.Whitt, 8th Dist. No. 82293, 2003-Ohio-5934.
 {¶ 31} Upon review of the record, we find sufficient evidence to support a finding of the element of force or threat of force as to the charge of rape in the present case. Accordingly, we cannot find that the trial court erred in denying Dinkins' Crim.R. 29 motion for acquittal. Therefore, Dinkins' second assignment of error is overruled.
 {¶ 32} Based on the foregoing, the May 30, 2006 Judgment Entry of Sentencing of the Allen County Court of Common Pleas sentencing Dinkins to concurrent prison terms of five years for his conviction of Unlawful Sexual Conduct With a Minor and ten years for his conviction of Rape, is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1