[Cite as *State v. Brown*, 2012-Ohio-2126.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                   CASE NO. 1-11-68

     v.

ANTWAYNE D. BROWN,                    O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2004 0459

Judgment Affirmed

Date of Decision:  May 14, 2012

APPEARANCES:

    *Antwayne D. Brown,* **Appellant**

    *Jana E. Emerick* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Antwayne D. Brown ("Brown") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion for post-conviction relief. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 11, 2005, a jury convicted Brown of one count of aggravated burglary with a firearm specification, one count of aggravated robbery with a firearm specification, and felonious assault with a firearm specification. The trial court then proceeded to immediately sentence Brown to an aggregate prison term of twenty-nine years. The verdicts and sentence were journalized on January 14, 2005. A direct appeal was taken and on November 21, 2005, this court affirmed Brown's convictions and sentences. *State v. Brown*, 3d Dist. No. 1-05-11, 2005-Ohio-6177.

{¶3} On October 14, 2011, Brown filed a petition for post-conviction relief. The State filed its response on October 17, 2011. On October 26, 2011, the trial court dismissed Brown's petition. Brown appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred when [it] denied [Brown's] petition for post-conviction relief based on being untimely.**

## Second Assignment of Error

**The trial court erred when [it] denied [Brown's] petition for post-conviction relief and abused [its] discretion when doing so without a hearing.**

{¶4} The first assignment of error alleges that the trial court erred in denying Brown's petition for post-conviction relief. Petitions for post-conviction relief are governed by R.C. 2953.21, which states in pertinent part as follows.

> **Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**
>
> **\* \* \***
>
> **[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction \* \* \*.**

R.C. 2953.21(A)(1-2). A court generally is prohibited from considering a petition filed past the statutory deadline. R.C. 2953.23(A). However, an untimely motion may be considered if both of the following requirements are met. R.C. 2953.23.

> **(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to**

> **the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petition asserts a claim based on that right.**
>
> **(b)   The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.**

R.C. 2953.23(A)(1).

{¶5} In this case, Brown claims that he was prevented from filing a timely petition.  He alleges that he did not commit the offenses and that he recently came into possession of an affidavit from the real offender, one Antwon Dotson ("Dotson").  Brown also alleges that the State was aware of Dotson's confessions prior to his trial and did not disclose the existence of Dotson's statements to Brown.  However, a review of the record indicates that Brown was aware of Dotson at the time of the trial and did not call him to testify at trial.  Tr. 352.  In addition, the attached affidavit from Dotson was dated November 10, 2009.[1]  The petition was not filed until 2011.  Since the record indicates that Brown was aware of Dotson's connection to this case at the time of trial, it is not newly discovered evidence.  The petition was not filed within the statutory deadline.  Thus the trial court did not err in dismissing the petition.  The first assignment of error is overruled.

---

[1]   This court notes that the notary signed the affidavit on November 4, 2009.

{¶6} Brown also alleges that the trial court erred by not holding a hearing before dismissing the petition. A hearing on a petition for post-conviction relief is not necessary unless the trial court finds that the petition sets forth substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 282-83 (1999) and R.C. 2953.21(C).

{¶7} Here, there is no question that the petition was not timely filed. The trial court reviewed the attached affidavits and the records. The trial court then determined that the timeliness exceptions set forth in R.C. 2953.23(A) did not apply in this case. This court has affirmed this finding above. Thus, since the petition was not timely filed and the exceptions did not apply, the trial court had no authority to consider the petition, let alone hold a hearing. The trial court did not err in dismissing the appeal without a hearing. The second assignment of error is overruled.

{¶8} Having found no error prejudicial to Brown, the judgment of the Court of Common Pleas of Allen County is affirmed.

**Judgment Affirmed**

**PRESTON and ROGERS, J.J., concur.**

**/jlr**