JOURNAL ENTRY and OPINION
{¶ 1} Proceeding pro se, defendant-appellant Michael Atkinson appeals from the trial court's denial of his post-sentence motion to withdraw the pleas of guilty he entered to two counts of rape of a minor.
 {¶ 2} Appellant complains that the trial court failed to give his motion the consideration it deserved since it was accompanied by affidavits that proved his innocence.
 {¶ 3} This court has reviewed the App.R. 9(A) record supplied by appellant, however, and finds the trial court did not abuse its discretion in denying his motion. Consequently, the trial court's decision is affirmed.
 {¶ 4} The record reflects appellant originally was indicted in this case on fifty counts. All of the counts pertained to the same female victim, born on July 29, 1990, and all were alleged to have occurred between July 1999, when the victim was nine years old, and July 8, 2002, before the victim became twelve years old.
 {¶ 5} Counts one through twenty charged appellant with forcible rape; all contained a notice of prior conviction and a repeat violent offender specification, and counts fifteen through twenty additionally each contained a force and a serious physical harm specification. Counts twenty through forty charged appellant with gross sexual imposition, counts forty through forty-five charged appellant with endangering children, and counts forty-six through fifty charged appellant with intimidation of a crime victim.
 {¶ 6} The record reflects appellant's case proceeded to a jury trial. Although on that date the state decided to dismiss the last twenty-five counts of the indictment, trial itself was cut short when appellant agreed to enter into a plea bargain with the state.
 {¶ 7} By the terms of the plea bargain, the state would dismiss all remaining counts but two counts of rape, and, further, would amend those counts to delete not only the notices of prior conviction and the specifications, but also the language that indicated appellant had used force to commit the offenses, in exchange for appellant's pleas of guilty to those two counts, with an agreed sentence of a total of fourteen years. The trial court accepted appellant's pleas. In accordance with the agreement, the court imposed a sentence of consecutive terms of seven years on each count. After a hearing, the trial court additionally classified appellant as a sexual predator.
 {¶ 8} Approximately ten months later, appellant filed a motion to withdraw his pleas pursuant to Crim.R. 32.1. He based his motion upon a claim of innocence, and provided affidavits to prove this claim. The affidavits were those of himself, his adult female companion, and her daughter, the victim. Each asserted the rape charges actually were untrue and were the result of the victim's unhappiness with appellant's disciplinary measures. Appellant requested an oral hearing on his motion.
 {¶ 9} The record reflects the state filed no response to appellant's motion. Indeed, the trial court also failed to respond, despite appellant's repeated requests for a ruling. Finally, over a year after the motion was filed, the trial court issued an order that denied it.
 {¶ 10} Appellant appeals from the decision with one assignment of error as follows:
 {¶ 11} "The trial court erred and abused its discretion by denying appellant's motion to withdraw [his] guilty plea without a hearing where the motion sufficiently demonstrated manifest injustice to warrant consideration, the motion went unopposed by the prosecution, and the contents of the motion demonstrate actual innocence."
 {¶ 12} Appellant asserts that in view of the evidence he supplied, the trial court's decision to deny his motion without a hearing constitutes an abuse of discretion. This court disagrees.
 {¶ 13} A motion to withdraw a guilty plea after the imposition of sentence may be granted by the trial court only to correct manifest injustice. Crim.R. 32.1; State v. Xie (1992), 62 Ohio St.3d 521; Statev. Smith (1977), 49 Ohio St.2d 261; State v. Peterseim (1980),68 Ohio App.2d 102. The trial court's decision to deny the motion without a hearing is granted deference. State v. Woods, Cuyahoga App. No. 84993, 2005-Ohio-3425.
 {¶ 14} Deference especially attends in a case in which the record demonstrates the court conducted the original plea hearing and was familiar with the facts of the case. State v. Thornton (Oct. 26, 2000), Cuyahoga App. No. 77476. In such circumstances, the trial court is in the best position to assess the credibility of the movant's assertions. Statev. Smith, supra at 264.
 {¶ 15} The App.R. 9(A) record in this case reflects the matter had proceeded to trial before appellant elected to enter guilty pleas to two counts of rape of a minor. The trial court accepted appellant's pleas pursuant to Crim.R. 11(C).
 {¶ 16} Based upon the indictment and appellant's guilty pleas to two of the most serious charges, this court cannot at this juncture gainsay the court's decision. The trial court was within its discretion to determine that the victim's recantation, especially in view of original charges against appellant of intimidation, and in conjunction with the similarly-worded affidavits of appellant and his partner, lacked credibility. State v. Yost, Meigs App. No. 03CA13, 2004-Ohio-4687.
 {¶ 17} For the foregoing reasons, appellant's assignment of error is overruled.
 {¶ 18} The trial court's order is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Kilbane, J. concur.