OPINION
{¶ 1} Defendant-appellant, Larry E. Woods, Jr., appeals the judgment of the Court of Common Pleas, Allen County, Ohio, denying his post-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Woods was indicted on January 16, 2003 on one count of aggravated burglary in violation of R.C. 2911.11(A), a felony of the first degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of grand theft in violation of R.C. 2913.02(A)(1). In addition, the charges of aggravated burglary and aggravated robbery included firearm specifications pursuant to R.C. 2941.145(A).
 {¶ 3} According to the prosecution's statement of facts given at the change of plea hearing, the charges stem from an incident that occurred on January 16, 2002 in Lima, Ohio. Woods and three others broke into a residence through a rear window, and upon entry disconnected the telephone line. The men fled the residence after hearing the sound of a barking dog, but returned approximately fifteen minutes later. Woods and one of his co-defendants then entered the residence's master bedroom. Woods pulled out a handgun and pointed it at the residence's sole occupant, and they then bound the victim's hands, legs and mouth with duct tape. The men then ransacked the residence, taking cash, drugs, an X-box video game console and accessories, a laptop computer, and some leather coats. After leaving the scene, the men divided up the cash and drugs.
 {¶ 4} A pre-trial hearing was held on March 13, 2003, at which plea negotiations were discussed. The prosecutor offered to withdraw the charge of grand theft if Woods agreed to plead guilty to the remaining charges of aggravated burglary and aggravated robbery, with the accompanying firearm specifications. Woods declined. Instead, Woods indicated at this point that he wished to proceed to trial. He did, however, request new counsel, although he did not state any reasons for this request on the record. The court denied the request for new counsel, finding that counsel's performance had been satisfactory. Counsel then sought permission to withdraw from the case, indicating that Woods refused to listen to him. However, since trial had been set for March 24, 2003, eleven days away, the court did not grant this request. The matter was continued until the next day in order to give Woods time to consider the plea deal.
 {¶ 5} At a March 14, 2003 hearing Woods accepted the plea bargain and notified the court that he wished to plead guilty to the charges of aggravated burglary and aggravated assault, as well as the firearm specifications. Pursuant to the plea bargain, the prosecutor recommended the maximum prison term available for each offense — ten years — but withdrew the charge for grand theft. The court accepted the guilty plea, but did not follow the prosecutor's recommended sentence. Instead, the court sentenced Woods to four-year prison terms on both offenses, with the sentences to be served concurrently. The court also imposed three year prison terms on the firearm specifications and ordered that they be served consecutive to the underlying offense as required by R.C. 2929.14(D)(1)(a)(E)(1)(a). Thus, Woods was sentenced to a total term of seven years imprisonment.
 {¶ 6} On October 14, 2005, over two years after sentence had been imposed, Woods filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Woods argued that the charged offenses of aggravated burglary and aggravated robbery were crimes of similar import, and that he could not be sentenced to both crimes. He contends that for that reason, he was not properly apprised of his potential prison sentence when counsel and the prosecutor informed him prior to his change of plea that he was facing a potential sentence of twenty-six years imprisonment. He also argued that his counsel was ineffective and had a conflict of interest. Based on these arguments, Woods asserted that his guilty plea was not knowing, voluntary, and intelligent.
 {¶ 7} The trial court overruled Woods' motion to withdraw his guilty plea, finding that Woods had failed to establish his counsel's ineffectiveness. Woods now appeals, asserting the following two assignments of error:
The trial court abused its discretion denying appellant animpartial fact finder, effective assistance of counsel, and to befairly sentenced rendering his guilty plea unknowing andunintelligent violating the Sixth and Fourteenth Amendments tothe United States Constitution.
 An appellate court has a duty to peruse the transcripts onappeal for plain error.
 {¶ 8} In his two assignments of error, Woods argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. In support of his motion, Woods asserts numerous arguments for why he should be permitted to withdraw his plea: that he was not advised of his right to appeal, that he was misinformed as to the maximum punishment available, that there was no hearing to determine whether the charges were allied offenses of similar import, and that his trial counsel had a conflict of interest and should have been permitted to withdraw. Ultimately, Woods claims that he was coerced into accepting the plea bargain and that his guilty plea was not knowing, voluntary, and intelligent.
 {¶ 9} A motion to withdraw guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides:
A motion to withdraw a plea of guilty or no contest may bemade only before sentence is imposed; but to correct manifestinjustice the court after sentence may set aside the judgment ofconviction and permit the defendant to withdraw his or her plea.
Accordingly, a criminal defendant who seeks to withdraw a guilty plea after sentence has been imposed, as Woods does in the instant case, has the burden of demonstrating a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324 at ¶ 1 of the syllabus. A manifest injustice has been defined as an extraordinary flaw in the plea proceedings. Id. at 264. This Court has also held that a manifest injustice is a "clear or openly unjust act." State v. Walling, Shelby App. No. 17-04-12, 2005-Ohio-428, at ¶ 6. Thus, a post-sentence withdrawal of a guilty plea is only available in "extraordinary cases."Smith, 49 Ohio St.2d at 264.
 {¶ 10} The decision of whether a manifest injustice occurred rests with the sound discretion of the trial court. Id. at ¶ 2 of the syllabus. Therefore, "this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v.Nathan (3rd Dist. 1995), 99 Ohio App.3d 722, 725,651 N.E.2d 1044. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. In exercising that discretion, the trial court is charged with determining the good faith, credibility, and weight of the defendant's assertions. Id. Although there is no time limit specified in the rule, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith, at ¶ 3 of the syllabus.
 {¶ 11} After a review of the record, we find that the trial court did not abuse its discretion in determining that there had not been a manifest injustice. First, with regard to trial counsel's alleged conflict of interest, the record is silent as to the nature of any supposed conflict. The record does indicate that trial counsel believed that Woods was refusing to take his advice; however, this does not demonstrate a conflict of interest. There is nothing to support Woods' assertion of a conflict, and the court specifically found that counsel's performance had been satisfactory. Additionally, on the day Woods changed his plea to guilty, he made no mention that he was dissatisfied with his representation.
 {¶ 12} Second, Woods' contention that he was not properly informed of the maximum prison term is unpersuasive. Woods argues that he was not subject to a potential term of twenty-six years imprisonment as the court and counsel had indicated, because the aggravated burglary and aggravated robbery charges were allied offenses. He therefore argues that he could only be sentenced on one charge. However, prior to his plea of guilty, Woods never moved for a hearing on whether the charges were allied offenses of similar import. Moreover, this court has previously held that aggravated burglary and aggravated robbery are not allied offenses of similar import. State v. Brown, Allen App. No. 1-05-11, 2005-Ohio-6177, at ¶ 7; see also State v. Stern
(2000), 137 Ohio App.3d 110, 116, 738 N.E.2d 76; State v.Williams (1996), 74 Ohio St.3d 569, 580, 660 N.E.2d 724; Statev. Lamberson (March 19, 2001), 12th Dist. No. CA2000-04-012, 2001 WL 273806, at *16. Accordingly, Woods was appropriately sentenced to separate prison terms on both counts.
 {¶ 13} Furthermore, Woods did not receive a maximum sentence in this case even though the prosecutor recommended that the trial court impose maximum terms. On the contrary, the trial court informed Woods at the August 13th hearing, prior to Woods' acceptance of the plea bargain, that he would impose a combined prison term of seven years despite the prosecutor's recommendation. Thus, no manifest injustice would exist even if Woods had been wrongly informed as to the maximum term available, because he knew the prison term he faced prior to pleading guilty.
 {¶ 14} Finally, the fact that Woods was not informed of his right to appeal is insufficient to demonstrate a manifest injustice. The entry of a guilty plea is an admission of factual guilt. See Crim.R. 11(B)(1). A criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates (1992), 64 Ohio St.3d 269, 272,595 N.E.2d 351, citing Tollett v. Henderson (1973),411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. We find no support for the contention that failure to inform the defendant that he is waiving his appellate rights constitutes a manifest injustice necessitating a post-sentence withdrawal of a guilty plea.
 {¶ 15} Moreover, Woods did not claim in his motion to withdraw his guilty plea that he had not been informed of his right to an appeal. "It is axiomatic that a defendant may not bring up an issue for the first time on appeal." State v.Harmon, Logan App. No. 8-04-01, 2004-Ohio-4012, at ¶ 16; see also Shover v. Cordis Corp. (1991), 61 Ohio St.3d 231, 219, overruled on other grounds by Collins v. Sotka (1998),81 Ohio St.3d 506, 692 N.E.2d 581, 152 L.Ed.2d 331. Thus, because Woods did not address this issue in his motion to withdraw his plea, he is precluded from asserting this argument on appeal.
 {¶ 16} Based on the foregoing, the trial court did not abuse its discretion in denying Woods' post-sentence motion to withdraw his guilty plea. Accordingly, appellant's assignments of error are overruled, and the judgment of the Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 Rogers and Cupp, JJ., concur.