JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Darryl Jackson-Washington appeals from the trial court's decisions to accept his pleas of guilty to three charges made in two separate cases, and to deny his post-sentence motion to withdraw those pleas.
 {¶ 2} Appellant presents four assignments of error. He asserts that the trial court abused its discretion in refusing to grant his motion, since he demonstrated his pleas were not knowingly, voluntarily and intelligently made; he claims the evidence he presented, at the least, warranted an oral hearing on his motion. He also argues that the trial court erred in accepting his pleas. Appellant additionally asserts his trial counsel rendered ineffective assistance in permitting appellant to enter guilty pleas to the charges against him.
 {¶ 3} Upon a review of the record, this court cannot agree with appellant. Consequently, his convictions are affirmed.
 {¶ 4} According to the record, appellant initially was indicted in CR-493784 with three co-defendants. He was charged with aggravated burglary, kidnapping, aggravated robbery, and felonious assault; each count carried both a notice of prior conviction and a repeat violent offender specification for appellant's 1991 conviction for aggravated robbery. Appellant entered a plea of not guilty to the indictment and retained counsel to represent him.
 {¶ 5} While that case was pending, appellant also was indicted in CR-496148. Therein, he was charged with two counts of possession of crack cocaine and one count of *Page 3 
illegal conveyance of prohibited items onto the grounds of a detention facility. The court to which the cases were assigned ordered the two cases joined for purposes of trial.
 {¶ 6} By the scheduled date of trial, the parties entered into a plea agreement. As outlined by the prosecutor, in CR-493784, appellant would plead guilty to amended charges in counts one and four, i.e., burglary and attempted felonious assault, with the notices of prior conviction and specifications deleted, and, in CR-496148, he would enter a plea of guilty to only the charge of illegal conveyance; the remaining charges in each case would be dismissed. The prosecutor noted that each count was a felony of the third degree, punishable by one to five years in prison.
 {¶ 7} Defense counsel acknowledged the prosecutor's statements, indicated that he was prepared to go to trial, but that appellant "intend[ed] to change his plea[s] knowingly, intelligently, and voluntarily." Counsel stated he had "reviewed all the consequences" with appellant.
 {¶ 8} The trial court proceeded to address appellant. After ascertaining that appellant was satisfied with his attorney's representation, and was aware of the constitutional rights he was waiving by entering his pleas, the court noted the penalty for each felony of the third degree included "1 to 5 years in prison." Appellant stated he understood. The court then asked appellant if he had been "promised or threatened [with] anything in order to change [his] plea." Appellant answered, "No." *Page 4 
 {¶ 9} At that point, the trial court asked appellant how he pleaded to the charge of illegal conveyance in CR-496148. Appellant stated, "Guilty." Again, the trial court asked for appellant's plea to each of the amended counts in CR-493784; appellant responded, "Guilty." The trial court accepted appellant's pleas, and referred him to the probation department for a presentence report.
 {¶ 10} When the case was called for sentencing, the trial court first permitted defense counsel to speak. Counsel described appellant's involvement in the incidents as "unfortunate," and noted that he and the prosecutor had been able to "reach a resolution where the law doesn't have a presumption [of prison] one way or the other," and requested the court consider community control sanctions for his client.
 {¶ 11} The trial court, however, expressed dissatisfaction with the fact that, while awaiting sentencing, appellant "twice" tested positive for cocaine use. Based upon this additional violation of the law, the court asked him, "Why shouldn't I give you the maximum consecutive sentence? You've been to prison for serious offenses in the past.* * *"
 {¶ 12} Appellant's response was to assert that, as a younger man, he had done "stupid" things, but, as to CR-493784, that he had been drawn into a situation without much information and was now trying to "stay out of the way." The court remained unpersuaded. It imposed a sentence of concurrent terms of five years for each of appellant's convictions in CR-493784, to be served consecutively to a five-year term for appellant's conviction in CR-496148. *Page 5 
 {¶ 13} Appellant subsequently retained new defense counsel. In both cases, new counsel filed on appellant's behalf a motion to withdraw his pleas. Appellant asserted that prior defense counsel had "promised" appellant he would receive a sentence of community control sanctions for entering pleas of guilty to the three charges. Appellant further argued that prior defense counsel rendered ineffective assistance. Appellant's own affidavit and the affidavit of his wife were attached to the motion as exhibits.
 {¶ 14} Before the trial court ruled on his motions to withdraw his pleas in the two cases, counsel filed a notice of appeal of appellant's convictions. This case received App. No. 90459. Thereafter, this court permitted the cases to be returned to the trial court for a ruling on appellant's motions to withdraw his pleas.
 {¶ 15} The trial court denied appellant's motions. Thus, appellant filed an additional notice of appeal from that decision, which received App. No. 90648. These appeals have been consolidated for briefing, hearing, and disposition.
 {¶ 16} Appellant presents the following assignments of error for review.
 {¶ 17} "I. The trial court erred in denying appellant's motion towithdraw his guilty plea pursuant to Crim. R. 32.1.
 {¶ 18} "II. The trial court erred in failing to hold a hearing onappellant's motion to withdraw guilty plea pursuant toCrim. R. 32.1. *Page 6 
 {¶ 19} "III. The trial court erred in accepting appellant's guiltyplea to the crime of transporting contraband into a detention facility,even though defendant was incapable of knowingly committing saidact.
 {¶ 20} "IV. Appellant's trial counsel was ineffective in that saidtrial counsel made errors so serious that counsel did not function ascounsel as guaranteed by the Sixth and Fourteenth Amendments to theUnited States Constitution and by Article I, Sections 2 and 10 of theOhio Constitution."
 {¶ 21} Appellant asserts in his first, second and fourth assignments of error that, in view of the evidence he supplied concerning his trial counsel's promises of a particular sentence, the trial court's decision to deny his motions to withdraw his pleas in the underlying cases without a hearing constitutes an abuse of discretion.[1] This court disagrees.
 {¶ 22} A motion to withdraw a guilty plea after the imposition of sentence may be granted by the trial court only to correct "manifest injustice." Crim. R. 32.1; State v. Xie (1992), 61 Ohio St.3d 521;State v. Smith (1977), 49 Ohio St.2d 261; State v. Peterseim (1980), 68 Ohio App.2d 102. In turn, this court's review of the trial court's decision on the motion is limited to the issue of whether the trial court abused its discretion. State v. Bayles, Cuyahoga App. No. 85910,2005-Ohio-6233. *Page 7 
 {¶ 23} The trial court's decision to deny the motion without a hearing also is granted deference. State v. Atkinson, Cuyahoga App. No. 85773,2005-Ohio-5348. This especially attends in a case in which the trial court conducted the original plea hearing, and, thus, was familiar with the facts of the case. Id. In fact, since appellant herein never requested an oral hearing on his motion, the trial court can hardly be faulted for failing to conduct one.
 {¶ 24} The record of this case fails to support a conclusion the trial court abused its discretion in denying appellant's motion to withdraw his pleas. Appellant's affidavits notwithstanding, the trial court specifically addressed appellant during the colloquy. Appellant indicated he was satisfied with counsel's representation, and, further, denied any promises were made to him. In such circumstances, the trial court was in the best position to assess the credibility of the assertions made in appellant's affidavits and to determine they were of no merit. State v. Smith, supra, at 264; State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276.
 {¶ 25} Similarly, appellant's claim of ineffective assistance of counsel lacked merit. Such a claim requires a demonstration not only that counsel fell below an objective standard of reasonable representation, but also, that appellant was thereby prejudiced.State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 26} In this case, the record reflects that appellant's trial counsel negotiated a highly advantageous plea agreement for his client. Counsel secured the dismissal of two serious *Page 8 
counts in CR-493784 along with the reduction of the other charges, and, further, secured the dismissal of two of the three counts in CR-496148.
 {¶ 27} The record also reflects counsel was obviously well-prepared for both trial and the sentencing hearing. In addition, counsel provided an articulate and persuasive argument in favor of community control sanctions rather than a prison sentence on appellant's behalf. The fact that counsel's argument proved unsuccessful does not establish that he provided ineffective assistance. State v. Longo (1982),4 Ohio App.3d 136.
 {¶ 28} For the foregoing reasons, appellant's first, second and fourth assignments of error are overruled. Appellant's third assignment of error, having been waived, also is overruled.[2]
 {¶ 29} The trial court's order denying appellant's motion to withdraw his guilty pleas, accordingly, is affirmed.
 {¶ 30} Appellant's convictions are also affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS
CHRISTINE T. McMONAGLE, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)
[1] The argument appellant raises in his third assignment of error was not presented in the trial court; therefore, it was waived for purposes of appeal. State v. Williams (1977), 51 Ohio St.2d 112. In any event, appellant cannot, after pleading guilty to the charge in CR-496148, now claim he was innocent of the charge, because a counseled plea of guilty to a charge removes the issue of factual guilt from the case. State v.Stumph (1987), 32 Ohio St.3d 95, 104-105.
[2] See footnote 1.