OPINION *Page 2 
{¶ 1} Defendant-appellant, Marcus D. Gant (hereinafter "Gant"), appeals the Allen County Court of Common Pleas judgment of conviction and imposition of sentence following his plea of guilty to two counts of burglary. For reasons that follow, we affirm.
 {¶ 2} On January 17, 2008 the Allen County Grand Jury indicted Gant on four counts, including: count one of burglary in violation of R.C. 2911.12(A)(2), a second degree felony; count two of theft in violation of R.C. 2913.02(A)(1), a fifth degree felony; count three of burglary in violation of R.C. 2911.12(A)(3), a third degree felony; and count four of theft in violation of R.C. 2913.02(A)(1), a fifth degree felony.
 {¶ 3} On January 25, 2008, Gant was arraigned and entered pleas of not guilty to all counts of the indictment. On February 26, 2008, Gant and the State entered a negotiated plea agreement, which provided that Gant would plead guilty to count one, amended to a third degree felony burglary in violation of R.C. 2911.12(A)(3), and plead guilty to count three of burglary, also a third degree felony. The trial court accepted the plea agreement, ordered a presentence investigation (PSI) report, and scheduled sentencing for April 9, 2008.
 {¶ 4} On April 9, 2008, the trial court sentenced Gant to three (3) years imprisonment on both third degree felony burglary counts, with the sentences to be served consecutively for an aggregate term of six (6) years. *Page 3 
 {¶ 5} On April 15, 2008 Gant filed an appeal to this Court and now asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I THAT THE TRIAL COURT COMMITTED AN ERROR PREJUDICIAL TO THE DEFENDANT IN SENTENCING HIM TO CONSECUTIVE TERMS OF IMPRISONMENT IN THAT THE RECORD ON APPEAL DOES NOT SUPPORT THE COURT'S FINDINGS AND THAT THE SENTENCE IS OTHERWISE CONTRARY TO LAW.
 {¶ 6} In his first assignment of error, Gant argues that the trial court erred in sentencing him to consecutive sentences. Gant argues that the record, consisting of the sentencing hearing transcript and the PSI, demonstrates that he burglarized in order to obtain "cash to feed an insatiable drug abuse habit." (Appellant's Brief at 10). Gant also argues that the trial court placed "undue emphasis" on the investigating officer's conclusions and opinions contained in the PSI. (Id.). Gant further argues that the trial court should have tempered the sentence in light of his age. The State, on the other hand, argues that the trial court properly considered the principles and purpose of sentencing, the PSI, and the crime-victims' reports in order to sentence Gant; and therefore, did not err in sentencing Gant to an aggregate term of six (6) years. We agree with the State.
 {¶ 7} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or *Page 4 
there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. State v. Tyson, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G);State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *);State v. Rhodes, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4.[1]
Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus; State v. Boshko (2000),139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is `"clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims."' State v. Watkins, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting State v. Jones (2001), 93 Ohio St.3d 391, 400,754 N.E.2d 1252. *Page 5 
 {¶ 8} Gant has failed to meet his burden of clearly and convincingly demonstrating that the sentence in this case was not supported by the record. The trial court stated on the record that it had considered the PSI, the crime-victims' reports, and the principles and purposes of sentencing pursuant to R.C. 2929.11 through R.C. 2929.19 and other allied sections. (Apr. 9, 2008 Tr. at 1). The record reveals that Gant broke into two separate residences, one of which was his Aunt's, and stole electronics and other items. (Id. at 7); (PSI at 3). The trial court also considered Gant's lengthy juvenile record, which included: obstruction of official business, assault on a police officer in Findlay, attempted rape, and possession of marijuana. (Id. at 8). The trial court noted that several charges from Gant's time in the Department of Youth Services (DYS) were dismissed, including: ungovernable, theft, theft by taking, and criminal trespass. (Id.). The trial court also noted that Gant was on juvenile parole at the time of the burglaries. (Id.). The PSI in this case also reveals a failure to comply offense and a disorderly conduct charge. (PSI at 5). The trial court also noted that Gant failed to cooperate with the juvenile court system's efforts to rehabilitate him. The trial court stated:
 You know, juvenile court tried to do everything for you and everything was met with roadblocks. You would not respond to any type of rehabilitation. It said in the report "he has never — he has either been unsuccessfully terminated from every program he is enrolled in or flat out refused to enroll. He has always minimized his action and often passes blame onto others. *Page 6 
(Apr. 9, 2008 Tr. at 9). The trial court also found that Gant had a demonstrated pattern of drug or alcohol abuse, which was related to the offenses. (Id. at 10).
 {¶ 9} Following an independent review of the record in this case, we are not persuaded that Gant has met his burden of persuasion. The record indicates that Gant has an extensive juvenile history and has failed to cooperate with the juvenile court's efforts toward rehabilitation. The PSI also indicates that Gant has a drug problem and has expressed no remorse for his actions. Under these circumstances, we cannot find that the trial court erred in sentencing Gant to two consecutive three (3) year terms of imprisonment.
 {¶ 10} Gant's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II THE INDICTMENT OF THE DEFENDANT WAS DEFECTIVE IN THAT IT FAILED TO STATE THE REQUISITE MENTAL STATE REQUIRED FOR THE COMMISSION OF THE OFFENSE AND THAT THE SAME IS A STRUCTURAL ERROR IN THE INDICTMENT PURSUANT TO STATE V. COLON, (2008) 118 OHIO ST. 3D 26, 2008-OHIO-1624.
 {¶ 11} In his second assignment of error, Gant argues that the indictment against him failed to state the required culpability for burglary's element of trespass. Gant argues that the burglary statute does not provide a mental element for trespass and does not plainly indicate strict liability; and therefore, reckless is the default culpable mental state. Accordingly, Gant argues that the indictment should have included that he "recklessly trespassed," and the indictment's failure *Page 7 
to provide so is a structural error pursuant to Colon. The State, however, argues that Gant has waived his right to challenge any alleged indictment defects by pleading guilty to the offenses.
 {¶ 12} Gant's arguments lack merit. To begin with, it is not clear that the indictment in this case should have provided the mental culpability of reckless as Gant argues. The Court in State v. Colon was presented with a situation where division (A)(3) robbery's element — inflict, attempt to inflict, or threaten to inflict physical harm on another — lacked any corresponding mental element, and the statute did not plainly indicate an intention to impose strict liability.118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶¶ 13-15. Under those circumstances, the Court in Colon found that recklessly was imported pursuant to R.C. 2901.21(B), and that the indictment was, therefore, defective for failing to include the mental culpability state of recklessly. Id. In this case, however, trespass for purposes of a burglary is separately defined, along with the applicable mental culpability states, in R.C. 2911.21. As the Ohio Supreme Court has noted, to be guilty of a criminal trespass under R.C. 2911.21 the defendant must act either knowingly, recklessly, or negligently.State v. Wamsley, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 14. Since trespass is separately defined in R.C. 2911.21, along with the applicable mental culpability states, a defendant has notice of the charges against him and the requisite elements that must be proven by the State. Accordingly, we find Colon distinguishable from the case at bar. *Page 8 
 {¶ 13} Furthermore, Gant has waived any alleged errors in the indictment by pleading guilty to the offenses. The Court inColon held that "when an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment."2008-Ohio-1624, at ¶ 45. However, the defendant in Colon did not plead guilty like Gant, herein. "The plea of guilty is a complete admission of the defendant's guilt." Crim. R. 11(B)(1). Accordingly, "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." State v. Kizler, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 12, citing State v. Barnett (1991),73 Ohio App.3d 244, 248, 596 N.E.2d 1101, quoting United State v. Broce (1989),488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927. See also, McCarthy v.U.S. (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. Therefore "[a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and `may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" State v. Woods, 3d Dist. No. 1-05-82, 2006-Ohio-2368, ¶ 14, quoting State v. Spates (1992), 64 Ohio St.3d 269, 272,595 N.E.2d 351, citing Tollett v. Henderson (1973), 411 U.S. 258, 267,93 S.Ct. 1602, 36 L.Ed.2d 235. See, also, State v. Barton, 108 Ohio St.3d 402,2006-Ohio-1324, 844 N.E.2d 307, ¶ 73; State v. Fitzpatrick,102 Ohio St.3d 321, 2004-Ohio-3167, *Page 9 810 N.E.2d 927, ¶ 78; Ross v. Auglaize Cty. Common Pleas Court (1972),30 Ohio St.2d 323, 285 N.E.2d 25. This Court is not persuaded that the Court in Colon was also overruling the longstanding waiver rules with regard to guilty pleas. Accordingly, this Court finds that Gant admitted guilt of the substantive crime of burglary and has, therefore, waived any alleged indictment defects for purposes of appeal. In addition, Gant has not alleged that his guilty plea was involuntarily, unknowingly, or unintelligently entered. Kitzler, 2002-Ohio-5253, at ¶ 13.
 {¶ 14} For all these reasons, Gant's second assignment of error is overruled.
 {¶ 15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, J., concurs.
[1] This Court notes that the Ohio Supreme Court has recently released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). State v. Kalish (Oct. 2, 2008), Slip Opinion No. 2008-Ohio-4912. Although this Court utilized our precedential clear and convincing standard, affirmed and adopted byKalish's three dissenting Justices, we would have concluded that Gant's sentence was proper under the Kalish plurality's two-step approach as well.