OPINION
{¶ 1} David Easter entered a plea of guilty to robbery as defined in *Page 2 
R.C. 2911.02(A)(3), a third degree felony, pursuant to North Carolina v.Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The trial court, after hearing testimony and other evidence of Easter's guilt, entered a judgment of guilty and, after consideration of a presentence investigation, sentenced Easter to four years imprisonment.
 {¶ 2} Easter appealed, and appointed appellate counsel filed anAnders brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. Pursuant to our responsibility underAnders to review the record for possibly meritorious appellate issues, we concluded that the record demonstrated such an issue under State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (Colon I) andState v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169
(Colon II) because neither the indictment nor the trial court's Crim. R. 11(C) colloquy with Easter mentioned the culpable mental state of recklessness.
 {¶ 3} We directed appointed appellate counsel to brief the issue and the State to respond. This has been done. Easter asserts as error the failure of the indictment to charge a mens rea element and contends that this defect constituted structural error.
 I. {¶ 4} Colon II, decided on a motion for reconsideration of ColonI, limited the seemingly broad sweep of Colon I and essentially held that it is the rare defective indictment case that will lend itself to structural error analysis. In Colon II, the supreme court stated:
 {¶ 5} "In a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment such as those that occurred in Colon I, structural-error analysis would not be appropriate. As we stated in Colon I, when a defendant fails to object to an indictment that is defective because the indictment did not include an essential *Page 3 
element of the charged offense, a plain-error analysis is appropriate.118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 23. Pursuant to Crim. R. 52(B), `plain errors' that affect a defendant's substantial rights `may be noticed although they were not brought to the attention of the court.' In most defective-indictment cases in which the indictment fails to include an essential element of the charge, we expect that plain-error analysis, pursuant to Crim. R. 52(B), will be the proper analysis to apply.
 {¶ 6} "Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment. In Colon I, the error in the indictment led to errors that `permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence.' Id. at ¶ 23, citing State v. Perry, 101 Ohio St.3d 118,2004-Ohio-297, 802 N.E.2d 643, at ¶ 17. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis. Consistent with our discussion herein, we emphasize that the syllabus in Colon I is confined to the facts in that case." Colon II, 119 Ohio St.3d at 205-6.
 II. {¶ 7} In this case, it is conceded that the indictment was deficient for want of a culpable mental state. Nevertheless, we conclude that plain error analysis is appropriate, rather than structural error analysis, because the defective indictment in this case did not "result in several violations of [Easter's] constitutional rights."Colon I, 118 Ohio St.3d at 32. Here, Easter pleaded guilty whereas Colon went to trial. Id. *Page 4 
 {¶ 8} In State v. Moss, Lucas App. No. L-07-1401, 2008-Ohio-4737, the Sixth District considered the issue presented here on remarkably similar facts. Moss entered a plea of no contest and was found guilty of an amended charge of robbery in violation of R.C. 2911.02(A)(3). No culpable mental state was alleged in the indicted offense of robbery pursuant to R.C. 2911.02(A)(2) or in the amended charge. The court first determined that plain error analysis rather than structural error analysis was appropriate. The court then implicitly found no plain error, stating:
 {¶ 9} "In appellant's case, he pled no contest to and was found guilty of the lesser included charge. Nothing in the record indicates that the court failed to properly consider whether the facts met all the elements of the crime, including the appropriate mens rea" (Emphasis ours).
 III. {¶ 10} We have even more reason that the Sixth District to conclude that no plain error occurred here. In determining whether to accept Easter's Alford plea of guilty, the trial court heard the sworn testimony of Dayton Police Detective Mark Scott relating to his investigation of the robbery:
 {¶ 11} "Q. Sir, were you so employed back on, I believe it was, July 2nd, 2007?
 {¶ 12} "A. Yes, sir, I was.
 {¶ 13} "Q. And on that date, were you assigned in an investigation of a robbery that had occurred at 1217 Brown Street in Montgomery County and State of Ohio?
 {¶ 14} "A. Yes, I was.
 {¶ 15} "Q. And that's a UDF store; is it not? *Page 5 
 {¶ 16} "A. That's correct.
 {¶ 17} "Q. And the robbery occurred on June 29th, 2007?
 {¶ 18} "A. Yes.
 {¶ 19} "Q. Tell us, what had you been told about the investigation up to that point? What had happened according to the witnesses?
 {¶ 20} "A. I received the report. After reading the report, it had black male subject had come into the store, had an umbrella, had his hand inside umbrella and threatened the clerk and demanded money from the register.
 {¶ 21} "Q. Did he say he had a pistol?
 {¶ 22} "A. Yes. He said he had a weapon underneath the umbrella and demanded money and the clerk gave him the money.
 {¶ 23} "Q. And then that black male left the store?
 {¶ 24} "A. Yes."
 {¶ 25} These facts certainly support the inference that Easter purposely or knowingly threatened the immediate use of force against the store clerk. R.C. 2901.22(A, B). Either of these culpable mental states are sufficient to establish the default mens rea of recklessness, the element missing from the indictment against Easter. R.C. 2901.21(B), R.C. 2901.22(E). We are confident that the trial court appreciated the State's burden of proof to include the culpable mental state of recklessness. See Moss, supra. If the indictment itself failed to completely charge robbery, the above-quoted testimony certainly completely made out the offense and would have supported a proper indictment for robbery. Furthermore, as the State suggests, had the case gone to trial, the evidence may well have established recklessness or a more serious *Page 6 
culpable mental state, and the trial court may well have instructed the jury on the appropriate culpable mental states. This would have avoided two of the constitutional violations identified in Colon I.
 IV. {¶ 26} The Third District has taken the view that a plea of guilty waives any defect in the indictment occasioned by a failure to allege a culpable mental state. State v. Gant, Allen App. No. 1-08-22,2008-Ohio-5406.
 {¶ 27} "* * * Gant has waived any alleged errors in the indictment by pleading guilty to the offenses. The Court in Colon [I] held that `when an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment.' 2008-Ohio-1624, at ¶ 45. However, the defendant in Colon did not plead guilty like Gant, herein. `The plea of guilty is a complete admission of the defendant's guilt' Crim. R. 11(B)(1). Accordingly, `[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.' State v.Kizler, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 12, citing State v.Barnett (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, quotingUnited State v. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757,102 L.Ed.2d 927. See also, McCarthy v. U.S. (1969), 394 U.S. 459, 466,89 S.Ct. 1166, 22 L.Ed.2d 418. Therefore `[a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."' State v.Woods, 3d Dist. No. 1-05-82, 2006-Ohio-2368, ¶ 14, quoting State v.Spates (1992), *Page 7 64 Ohio St.3d 269, 272, 595 N.E.2d 351, citing Tollett v. Henderson (1973),411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. See, also, State v.Barton, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73;State v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167,810 N.E.2d 927, ¶ 78; Ross v. Auglaize Cty. Common Pleas Court (1972),30 Ohio St.2d 323, 285 N.E.2d 25. This Court is not persuaded that the Court inColon [I] was also overruling the longstanding waiver rules with regard to guilty pleas. Accordingly, this Court finds that Gant admitted guilt of the substantive crime of burglary and has, therefore, waived any alleged indictment defects for purposes of appeal. In addition, Gant has not alleged that his guilty plea was involuntarily, unknowingly, or unintelligently entered. Kitzler, 2002-Ohio-5253, at ¶ 13."Gant at ¶ 13.
 {¶ 28} As in Gant, Easter does not contend that his guilty plea was not voluntarily, knowingly, or intelligently entered.
 V. {¶ 29} Based on the foregoing discussion, we are well satisfied that Easter's substantial rights were not violated by these proceedings.
 {¶ 30} The assignment of error is overruled.
 {¶ 31} The judgment will be affirmed.
FAIN, J. and DONOVAN, J., concur.
Copies mailed to:
Carley J. Ingram William T. Daly David D. Easter Hon. Dennis J. Langer *Page 1